# Birmingham Railway, Light & Power Co. *v.* Bynum.

*Action by Passenger against Street Railway Company to recover Damages for Personal Injuries.*

1. *Action against street railway company by passenger for personal injuries; admissibility of evidence.*—In an action by a passenger against a street railway to recover damages for personal injuries sustained while riding upon one of the defendant's cars, where the negligence complained of is that the car upon which the plaintiff was riding was not properly coupled to the rear car and the coupling appliance was not of the proper character and not in good condition, a witness who testified

[Birmingham Railway, Light & Power Co. v. Bynum.]

that he had run on defendant's road as a conductor and motor-man for several years up to within a few months of the time of the accident, and that he was familiar with the coupling appliance on the defendant's cars, and there was evidence tending to show that the couplings in use on the car at the time of the accident complained of were the same kind with which the witness was familiar, and about which he had testi-fied, it is competent to ask such witness how often in his ex-perience and operation of the defendant's cars had they come uncoupled or broke loose on account of the particular coupling that the witness described.

2. *Common carrier; what necessary to establish relation of passen-ger.*—In order to become a passenger upon a common carrier, it is not necessary for the person to have paid his fare; but, if a person with the implied invitation or consent of the com-pany's agent gets on a car to take passage, having the inten-tion to pay his fare, the relation of passenger and carrier is established.

3. *Action against street railway company; when passenger not guilty of contributory negligence as matter of law.*—Standing upon a platform of a car does not, in the absence of special circumstances, showing it to be such, constitute contributory negligence; and if the car in which the person takes passage is so crowded that there is no room except upon the platform or on the outer edge of the platform, and the conductor stops and allows a person to get on, and he stands upon the plat-form or the outer rim or projection of the platform, taking such position does not, as a matter of law, make such passen-ger guilty of contributory negligence; but the question is one to be submitted to the determination of a jury.

4. *Duty of carrier to passenger; when question of negligence should be submitted to the jury.*—While the law imposes upon com-mon carriers the duty of exercising the highest degree of care, skill and diligence for the transportation of passengers, if, in an action by a passenger against a carrier, the evidence tends to show that the plaintiff's injury resulted from negli-gence on the part of the defendant's agent in not providing a safer coupling of the two cars, in consequence of which the rear car ran against the other car and caught and injured the plaintiff's foot while he was standing on a projection of the front car, the question of negligence in failing to provide a safer and proper coupling is one for the determination of the jury under proper instructions from the court.

5. *Contributory negligence; slight degree of such negligence en-*

[Birmingham Railway, Light & Power Co. v. Bynum.]

*titles defendant to verdict.*—In an action to recover damages
for personal injuries, alleged to have been caused by the de-
fendant's negligence, if the plaintiff is guilty of negligence
which proximately contributed, even in the slightest degree to
his injury, he can not recover; and a charge which so in-
structs the jury should be given at the request of the defend-
ant.

APPEAL from the City Court of Birmingham.

Tried before the Hon CHARLES A. SENN.

This action was brought by the appellee, John Bynum,
against the Birmingham Railway, Light & Power Com-
pany, to recover ten thousand dollars damages for inju-
ries alleged to have been sustained by him while a pas-
senger on one of the defendant's street cars, by reason of
the negligence of the defendant; the negligence com-
plained of being the defective condition of the coupling
apparatus by which two of the cars of the defendant were
coupled together, upon one of which cars the defendant
was riding at the time he sustained the injuries com-
plained of.

The defendant pleaded the general issue and several
special pleas, setting up the contributory negligence of
the plaintiff. The facts of the case and the rulings of the
court upon the evidence are sufficiently shown in the
opinion.

Upon the introduction of all the evidence, the defend-
ant requested the court to give to the jury, among others,
the following written charges, and separately excepted
to the court's refusal to give each of the several charges
requested by it: (4.) "The court charges the jury
that a person intending to take passage on the defend-
ant's car, and for whom the car stopped to allow him to
take passage, must enter the car by the usual and cus-
tomary mode of entering the car and at the place provi-
ded for that purpose and that if he gets upon the car at
an unusual place and attempts to ride by holding on
some parts of the car, he is not a passenger, unless some
agent of the defendant knew that he was riding at such
unusual place, or by the exercise of reasonable care
ought to have known that he was so riding." (5.) "If
the jury believe from the evidence that the plaintiff was

guilty of negligence which proximately contributed, even in the slightest degree, to his injury, they must return a verdict for the defendant." (10.) "If the jury believe the evidence, they must find for the defendant." (15.) "The court charges the jury that if they believe from the evidence that plaintiff did not board or attempt to board defendant's car by the means and at the places provided for that purpose, and that he got upon the board or bumper at the end of the car without the knowledge or consent, or permission of defendant, or its agent, and that his position upon the bumper or board was not known to defendant's agent in charge of the car, and that his being at said place contributed proximately to his injury, then he was guilty of negligence which will bar his recovery."

There were verdict and judgment for the plaintiff, assessing his damages at $895.82.

The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.—The uncontradicted evidence in the case shows that the plaintiff was guilty of contributory negligence as a matter of law. He was standing in an improper and hazardous place on the defendant's car.—*Bard v. Penn. Traction Co.,* (Pa.) 34 Atl. R. 953; *Nieboer v. Detroit Co.,* (Mich.) 87 N. W. R., 626; *Carroll v. Interstate Co.,* (Mo.) 17 S. W. R., 889; *Warden v. L. & N. R. R.,* 94 Ala. 277; 10 So. Rep., 277; *Huelsenkamp case,* 37 Mo. 537; *Donovan case,* 94 Ala. 299.

The relation of passenger and carrier had not been established between the plaintiff and the defendant at the time the former was injured. Such relation rests upon a contract express or implied.—*Bir. R. R. Co. v. Liddicoat,* 95 Ala. 545.

The fifth charge requested by the defendant should have been given. It asserts the proposition that if the jury believe from the evidence that the plaintiff was guilty of negligence which proximately contributed, even

in the slightest degree to his injury, they must find for the defendant. There is no comparative negligence doctrine in this State, and if plaintiff's negligence proximately contributes to the result, he cannot recover. *Holland case,* 91 Ala. 444; 8 So. R. 524, 527.

SAMUEL WILL JOHN, *contra.*—The general affirmative charge requested by the defendant was properly refused. "This charge should *never* be given where there is evidence which authorizes a reasonable inference of facts unfavorable to the right of recovery by the party asking such charge.—*Birmingham Railway, Light & Power Co. v. Pinckard,* 124 Ala. 374; *White, McLane & M. v. Farris,* 124 Ala. 476.

"The carrier is always under obligations to use the *utmost* care and diligence in providing *safe, suitable* and *sufficient* vehicles for the conveyance of his passengers." Cooley on Torts, (2d. ed.), §§ 645, 772; Hutchinson on Carriers, § 800; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 520; *M. & E. Railway Co. v. Mallette,* 92 Ala. 215.

It is very apparent that injury was inflicted upon Bynum, through some defect in the coupling of the cars in the train, on which he was riding, therefore a *strong presumption* instantly arises, of negligence.—Hutchinson on Carriers, § 800; Patterson's Railway Accident Law, § 375; *Ga. Pac. R. Co. v. Love,* 91 Ala. 434-35; *M. & E. R'way Co. v. Mallette,* 92 Ala. 215-16; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 521.

Bynum boarded the car after it *had stopped at a regular station,* for the *purpose* of riding to Birmingham, *prepared to pay his fare,* thereupon the relation of passenger and carrier began, and Bynum became entitled to all the rights of a passenger.—Hutchinson on Carriers, (2d ed.), § 554; Cooley on Torts, side pages 644, 770; Patterson R'way Accident Law, § 218.

"The fact of entering a carrier's vehicle of transportation in good faith, to take passage thereon, makes one a passenger."—5 Amer. & Eng. Encyc., (2d ed.), pp. 492-3 and Note 1; 23 Amer. & Eng. Encyc., p. 1004.

Bynum did not lose his *character* as a *passenger* by riding on the outside of the vestibule; a more dangerous

place than inside or in the car.—*Brown & Co. v. Scar-boro,* 97 Ala. 320.

Bynum was not negligent in taking this car upon which there was no place to ride except on the rim, nor was he negligent in riding there, nor negligent to ride upon the rim *from necessity,* when the alternative was to ride there or get off the car.—Beach, Contributory Negligence, § 293; *Meesel v. Lynn & B. R. R.,* 8 Allen 236; 23 Amer. & Eng. Encyc., p. 1014; *Topeka City R. R. Co. v. Higgs,* 34 Amer. & Eng. R. R. Cases, 529, 535; s. c. 48 Kan. 375; *City R'way Co. v. Lee,* 34 Amer. & Eng. R. R. Cases, 568.

HARALSON, J.—Will Patty, a witness for the plaintiff, testified that he had run on the defendant's road as a conductor and motorman for over three years, up to February, 1901, and that the company were still using the same kind of cars they did when he was on the road. The evidence tended to show that the accident by which the plaintiff was injured, occurred from two cars becoming uncoupled. The witness had stated fully the coupling apparatus of the cars; the bars used for the purpose, where they were attached to the cars and how; the kind of pin used for the purpose; the draw heads of the cars, and the dangers connected with the manner of their coupling. He was asked, when testifying as a witness: "How often in your experience and operation of those cars, did they become uncoupled or break loose on account of this peculiar coupling that you speak about?" The defendant objected to the question, because the evidence called for was incompetent and irrelevant. There was no error in overruling the objection. While he did not see the accident, nor the car on which the plaintiff was riding at the time, he did testify, that the company were now using the same cars that were in use when he was on the road, and that he had ridden on one of them just before this trial. In argument, the only ground of irrelevancy insisted on is, that he did not see the coupling in use at the time of the accident. But that was of little importance, if the evidence tended to show, as it did,

that the one in use was the same kind he was familiar
with, and had testified about.

2.  The main insistence for error is, that the court re-
fused to give the general charge for defendant.  This
proceeds upon the ground as argued, that the relation
of passenger and carrier was not established, in that
there was no contract, express or implied, upon which
such a relation existed; that the plaintiff got on the car
and rode some four hundred feet, and did not see the con-
ductor, nor did the conductor see him, and he had not
paid or been called on for his fare, up to the time he was
hurt.  It was not necessary for plaintiff to have paid his
fare, to become a passenger.—Hutchinson on Carriers,
§ 365.  The train consisting of two cars, was going into
Birmingham, and, as the evidence tended to show, was so
crowded, inside the cars, as not to admit of others enter-
ing them; but still, it continued to stop at each of the
street stopping places, and continued to allow others,
without any protest or dissent, to get on and stand where
they could,—on steps, in the vestibule, and, as with
plaintiff and others with him, on the projection outside
of the vestibule.  Under such conditions, it cannot be
said as a matter of law that plaintiff was not a passen-
ger.  He had gotten on the car in good faith, with the im-
plied invitation or consent of the company's agent, to
take passage with the intention of paying fare, as the
proof tends to show, and this was all that was necessary
to establish the relation.—23 Am. & Eng. Ency. Law (1st
ed.) 1004; 5 *Ib.,* (2d ed.), 492; Hutchinson on Carriers,
*supra;* Cooley on Torts, p. 770; Patterson's Railway Ac-
cident Law, § 218; *N. B. R. Co. v. Liddicoat,* 99 Ala. 549.

3.  It is contended that the plaintiff, in taking his
place where he did on the car, assumed a dangerous posi-
tion thereon, and, as a matter of law, should be held to
have contributed proximately to his own injury.  It can
not be denied that the evidence, which was without con-
tradiction, points in that direction.  But a sufficient re-
ply is, that a passenger does not lose his character as
such, and the care the company owes him, to transport
him safely, by negligently assuming a dangerous posi-
tion on the train.  The company would not be excused

[Birmingham Railway, Light & Power Co. v. Bynum.]

absolutely from liability on this account. But whether he was guilty of such negligence as proximately contributed to his injury was one proper, under the evidence, for the determination of the jury. As applicable to the facts of this case, we quote the text, supported by many adjudications, as found in 23 Am. & Eng. Ency. Law (1st ed.) 1013-14: "Standing on the platform of the car does not necessarily constitute contributory negligence, in the absence of special circumstances showing it to be such, and the question is one to be submitted to the jury in all cases which admit of a reasonable doubt. But the circumstances may show riding in such a position to be negligent, and in general it seems that riding in such a position, when there is room inside the car, creates a presumption of contributory negligence at least, and imposes the burden of proof upon the plaintiff to show that his riding in that position did not contribute to the injury. If the car is so crowded that there is no room except upon the platform, and the conductor stops and allows the passenger to get on; the presumption of the passenger's negligence does not exist; the company must assume all risk when it requests its passengers to ride in such a place."

Mr. Beach, to the same effect, says: "It is an equally well established rule that the mere fact of riding on the platform of a street car is not conclusive evidence of negligence. 'The seats inside are not the only places,' said the Supreme Judicial Court of Massachusetts, 'where the managers expect passengers to remain, but it is notorious that they stop habitually to receive passengers to stand inside till the car is full, and then to stand on the platform until they are full, and to continue to stop and receive them after there is no place to stand except on the steps of the platform. Neither the officers of these corporations, nor the managers, nor the traveling public, seem to regard this practice as hazardous, nor does experience thus far seem to require that it should be restrained on account of its danger. There is, therefore, no basis upon which the court can decide upon the evidence reported that the plaintiff did not use ordinary

care.' (He was injured while standing on the platform). 'It was a proper case to be submitted to the jury upon the special circumstances which appeared in evidence.' "—Beach on Contributory Negligence, § 293; *Meesel v. Lynn R. Co.*, 8 Allen 234; *H. A. & B. R. R. Co. v. Donovan*, 94 Ala. 299; *Montgomery, & E. R. Co. v. Mallette*, 92 Ala. 209.

4. The same thing may be said touching the alleged negligence of defendant, in having the cars properly coupled. "The law imposes upon common carriers the duty of exercising the highest degree of care, skill and diligence in the transportation of passengers, and holds them responsible for the consequences of the slightest negligence resulting in injury to persons sustaining that relation to them."—*A. G. S. R. Co. v. Hill*, 93 Ala. 520. Moreover, "if injury is suffered at the hands of a common carrier, the law, in the absence of all explanation, presumes it was the result of the carrier's fault, and casts on the latter the burden of overturning the presumption, or of showing that diligence and a careful observance of duty could not have prevented the injury."—*L. & N. R. Co. v. Jones*, 83 Ala. 376; *Ga. P. R. Co. v. Love*, 91 Ala. 434.

In this case the evidence tends to show that plaintiff's injury resulted from negligence on the part of defendant's agent, in not providing a safer coupling of the two cars, in consequence of which, the trailer, or rear car, ran against or mounted the rear of the front car and caught and injured the plaintiff's foot, while standing on the projection of the latter car. The question of negligence in failing to provide a securer or safer coupling was one, like that of plaintiff's alleged contributory negligence, proper for the determination of the jury, under proper instructions.

5. From what has been said, it will appear that charges 4, 10 and 15, the only ones insisted on as erroneous, were properly refused.

6. Charge 5 instructed, that if the jury believe from the evidence that the plaintiff was guilty of negligence which proximately contributed, even in the slightest degree, to his injury, they must return a verdict for the

[Webb *et al.* v. Reynolds.]

defendant. The doctrine of comparative negligence does not obtain in this State.—*Frazer v. N. & S. Ala. R. R. Co.,* 81 Ala. 185. There is no averment that the injury was willfully or wantonly inflicted. It is certainly the law that any want of care, however slight on the part of the plaintiff, if it contributed proximately to produce the injury, will defeat his action.—Beach on Contributory Negligence, § 20; *S. R. Co. v. Arnold,* 114 Ala. 183, 191; *Holland v. Tenn. C. I. & R. R. Co.,* 91 Ala. 444, 454.

The court erred in refusing this charge, and for that error the judgment below is reversed.

Reversed and remanded.