# Atlanta & Birmingham Air Line Railway *v.* Wheeler

*Damages for Personal Injury to Passenger.*

(Decided Feb. 6, 1908. 46 South. 262.)

1. *Trial; Reception of Evidence; Motion to Strike Entire Answer; Admissible in Part.*—Where a part of an answer is good as evidence, the court will not be put in error for refusing to grant a motion to exclude the entire answer, although part of it may have been irrelevant.

2. *Carriers; Passengers; Personal Injury; Evidence.*—Where the complaint alleged that the injuries resulted from stepping from the passenger coach onto a defective stool, and the defense was that plaintiff negligently stepped upon the stool after discovering its defective condition, it was permissible to introduce evidence tending to show that plaintiff did not discover the condition of the stool in time to avoid stepping upon it.

3. *Same; Jury Question.*—Whether or not plaintiff was negligent in stepping on the stool, which he did, and whether or not that was the proximate cause of the injury, is, under the facts in this case, a question for the jury.

4. *Same; Negligence.*—Whether or not the carrier is negligent in placing a footstool on uneven ground, resulting in injury to the passenger, is a question for the jury.

5. *Same; Instructions.*—Where there was evidence tending to show that plaintiff had no knowledge of the way the stool was adjusted in time to stop, a charge which pretermits plaintiff's discovery or knowledge of the way in which the stool was placed or adjusted. is properly refused.

6. *Trial; Instructions; Province of Court and Jury.*—Where there was evidence tending to support some of the counts of the complaint it was not error to refuse the general charge as to the entire complaint.

7. *Limitations of Actions; Pleading; Amendment of Complaint.*—Where the complaint and amendment all allege defendant's failure to provide a safe place for plaintiff to alight in, the averment of different causes contributing to the unsafeness of the place will not prevent the amendments from relating back to the filing of the original complaint, and will not render them subject to the statute of limitations.

8. *Carriers; Passengers; Instructions; Contributory Negligence.*—A charge instructing a finding for defendant if plaintiff was negligence in the slightest degree in any way set up in any of defend-

ant's pleas which contributed to her alleged injuries, is bad for failing to postulate that plaintiff's negligence proximately contributed to her injuries.

9. *Negligences; Comparative Negligence.*—The doctrine of comparative negligence does not obtain in Alabama.

10. *Trial; Instructions; Form; Confused Instructions.*—Although an instruction asserts a correct principle of law, if it is not clear and free from all tendency to confuse or mislead, the court will not be put in error for refusing it.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by Maude Wheeler against the Atlanta & Birmingham Air Line Railway. From a judgment for plaintiff, defendant appeals. Affirmed.

Action for damages for personal injuries received while a passenger. Judgment for plaintiff in the sum of $880. The original complaint contained five counts. The negligence alleged in the first count was that the agents or servants of defendant placed a footstool at the bottom of the steps of the passenger car for the use of passengers in getting off, which was insecurely placed upon the ground, and which turned or careened as plaintiff stepped upon it, throwing her backwards against and under the car, and injuring her. The second count alleges the duty of defendant to furnish plaintiff a safe means of egress from the car, and the placing of a stool insecurely upon the ground, so that when she stepped off it turned, and threw her. The third count alleges a duty on defendant to assist plaintiff in alighting from the train, and a duty to furnish her a safe means of alighting, and alleges the failure to perform the first duty, and a negligent performance of the second duty, by insecurely placing a footstool insecurely on the ground, so that the same turned when she stepped on it. The fourth count alleges the negligent placing of the footstool so insecurely upon the ground by the servants

or agents of defendant that it turned or careened as plaintiff stepped off the car, throwing her backwards, . etc. The fifth count alleges the same duties as the third count and the negligent failure on the part of defendant's servants or agents to perform. All of the counts allege that defendant was a common carrier and that plaintiff was a passenger for hire. The first, second, and third counts were filed on the 22d day of June, 1905. The fourth and fifth counts were filed on the 26th day of September, 1905, by way of amendment. The sixth and seventh counts were filed on the 23d day of January, 1906. The sixth count alleges that, when plaintiff went to alight, she stepped off said car with a babe in her arms onto a stool which had been placed by a servant or agent of defendant at the foot of the step of said passenger car on some loose slag or cinder; that said stool was placed for the use of passengers getting off said car at said station, which stool was not stable and secure, because of the negligence of defendant in having the said landing place at Piedmont covered with loose slag or cinder; and that when plaintiff stepped on said stool the same turned or careened, throwing plaintiff backward, etc. The seventh count alleges that when said passenger train reached Piedmont it stopped at a place which was unsafe for passengers to alight therefrom, by reason of the fact that the ground under and around the passenger coach in which she was riding was irregular and rough, being covered with loose cinder and slag, and that defendant's servants or agents placed a stool under or near said step for the passengers to step on in alighting from said train, and that by reason of the unevenness or roughness of the ground, and because of the looseness of the said slag when plaintiff stepped off said passenger coach onto said stool, the stool turned or careened, and

threw her violently to the ground, injuring her, etc., and plaintiff avers that said defendant's negligence caused her said injuries, in that it did not, through its agents or servants, stop the coach in which plaintiff was traveling at a proper and safe place for her to alight therefrom, and by reason of the unevenness or roughness of the ground at the place where said car was stopped, and because of defendant placing said stool on said slag, plaintiff was thrown down in alighting, etc. The defendant interposed the plea of the statute of limitations for one year to the sixth and seventh counts of the complaint. To the other counts, as well as to the sixth and seventh, they interposed the plea of not guilty and the pleas of contributory negligence, setting up that in alighting from the train plaintiff negligently stepped on the edge of said stool, thereby causing the same to careen or turn over; that she negligently stepped off the said car, and struck her foot on the edge of said stool; that when she alighted and was being assisted to alight, without looking, she stepped off the said car negligently, and very nearly stepped entirely over the stool, causing her to fall; that she saw before alighting that the stool was not securely placed, and that one edge, side, or corner was not secure on the ground; and that, notwithstanding she knew of this fact, she negligently stepped onto said stool, causing her to fall and be injured. The testimony shows that the injuries occurred on Sunday, January 22, 1905. The other facts are sufficiently apparent from the opinion.

The following charges were requested by defendant in writing, and were refused: "(1) I charge you, gentlemen of the jury, that you cannot consider the fact, if it be a fact, that the ground was uneven at the place where plaintiff stopped, in determining the liability of

defendant under the second count of the complaint." "(5) The court charges the jury that, if they believe the evidence in this case, they must find the issues in favor of the defendant." (9) Same as charge as to the fourth count. "(13) I charge you, gentlemen of the jury, that if you believe from the evidence that one edge, side, corner, or end of the footstool was not touching the ground at the time she alighted, and although she saw it was not touching the ground, she did alight, then your verdict must be for the defendant." "(15) I charge you, gentlemen of the jury, before you can find a verdict for plaintiff in this case, you must be reasonably satisfied from the evidence that the defendant was negligent in placing the footstool upon the ground, and if you are not so satisfied you must return a verdict in favor of the defendant under the second count of the complaint. (16) The court charges the jury that defendant, in transporting passengers, does not guarantee absolute safety to passengers, but is only liable for negligence, and, unless you believe to a reasonable satisfaction that defendant is guilty of negligence in placing the stool on the ground, then your verdict must be for the defendant." "(19) I charge you, gentlemen of the jury, that if plaintiff was negligent in the slightest degree in any way set up in any of defendant's pleas, which contributed to any of her alleged injuries, then your verdict must be for defendant." "(23) I charge you, gentlemen of the jury, that if plaintiff, before she alighted from the train, saw that one edge, side, corner, or end of the stool was not touching the ground, and she stepped on the stool, knowing that one edge, side, corner, or end of the stool was not touching, thereby causing the stool to overturn, and in consequence of which she sustained her alleged injuries, then your verdict must be for defendant."

"(29) The court charges the jury that if they believe from the evidence that plaintiff saw that one edge or corner of the stool was not touching the ground before she stepped off the train, and although she saw that said end or corner of the stool was not touching the ground, she did step on the stool, thereby causing it to overturn, and in consequence of its overturning received her alleged injuries, then your verdict must be for defendant."

W. C. TUNSTALL, JR., for appellant. The testimony of Mrs. Wheeler was improperly admitted, since if there had been any excuse for plaintiff stepping on the stool after she saw that it was insecurely placed, that fact should have been set up by replication.—*Gerald, et al. v. Tunstall*, 109 Ala. 567. The testimony was a mere conclusion in any event.—*Bimingham Ry. & E. Co. v. Jackson*, 136 Ala. 279. In order for a plea of contributory negligence to be a good plea, the plea must allege such state of facts as that the court will say as a matter of law that it was negligence.—*Osborne v. Alabama S. & W. Co.*, 135 Ala. 571. And as the facts were proven as alleged in the plea the defendant is entitled to the affirmative charge thereon. The 6th and 7th counts were a departure from the 4th count.—*Nelson v. First Nat. Bank*, 139 Ala. 578. Comparative negligence does not obtain in Alabama.—*Bynum v. R. R. Co.*, 139 Ala.; *Arnold v. R. R. Co.*, 114 Ala.; 144 Ala. 358. It follows therefore that charge 1 should have been given. The court should have given charge 4.—*Selma S. & S. Ry. Co. v. Owen*, 132 Ala. 420; *Morse v. Mosely*, 41 South. 1012; *Southern Ry. Co. v. Douglass*, 144 Ala. 351.

BLACKWELL & AGEE, for appellee. Counsel discuss assignments of error but without citation of authority.

[Atlanta & Birmingham Air Line Railway v. Wheeler.]

ANDERSON, J.—The question asked the plaintiff, when a witness, in reference to her position on the car step, when about to step on the stool and when she discovered the condition of said stool, did not call for a conclusion and sought relevant evidence, as the reply would aid the jury in determining whether or not she was guilty of negligence in stepping upon the stool after discovering its condition; that is, whether or not she made the discovery in time to check her descent. It may be that a part of her answer went beyond a legitimate response to the question, and that the witness volunteered a conclusion as a part of her answer; but appellant's motion to exclude went to the entire answer, and did not seek to eliminate so much thereof as was a conclusion, and the trial court will not be put in error for overruling a motion to exclude evidence in its entirety, when some of it is good.

It is insisted that this evidence was not admissible under the pleading, that it was intended for the purpose of showing the plaintiff's inability to stop after discovering the condition of the stool, and that it could not have been shown without a replication to the pleas of contributory negligence. Counsel evidently loses sight of the fact that the pleas aver that the plaintiff "negligently" stepped on the footstool after discovering its condition. If she did not discover that the stool was improperly set on the ground until it was too late to reinstate herself on the car steps or to check the downward movement of her body, she did not negligently step thereupon, and this evidence was relevant to negative the defendant's pleas of contributory negligence.

The trial court did not err in refusing charge 5, the general charge, requested by the defendant. There was evidence in support of the complaint, and we cannot

agree with counsel for appellant in the insistence that the pleas of contributory negligence, or any one of them, were proved beyond dispute. It is true that one of the defendant's witnesses testified that plaintiff stepped on the edge of the stool, and this fact was not contradicted. Still the plea avers that she "negligently" did so, and that her doing so was the proximate cause of her injury. It was for the jury to determine whether or not she negligently stepped on the stool. If she did not discover its condition until too late to check her downward movement, then she did not negligently step on the stool. Moreover, it was a question for the jury to determine whether or not the plaintiff's stepping on the edge of the stool was the proximate cause of the injury, or whether it was caused by the uneven position it occupied on the ground. If the ground was level and unbroken, and the stool rested firmly upon all of its edges, it may be that it would not have turned, even if plaintiff stepped on or near the edge of same.

The trial court did not err in refusing charge 1, requested by the defendant. If not otherwise bad, it was faulty in instructing the jury that they could not consider the unevenness of the ground where the train stopped in fixing the defendant's liability under the second count. It is true the negligence charged in the second count was in fixing the stool, yet if the train stopped at a point where the ground was broken, and the stool was placed on broken and uneven ground, the mere act of putting it on uneven ground may have constituted a negligent fixing or placing of the stool. What we say as to this charge relates also to refused charge 9.

Charges 13, 23, and 29, requested by the defendant, were properly refused. If not otherwise bad, they pretermit the plaintiff's discovery or knowledge of the con-

dition of the way the stool was adjusted in time to stop. The plea avers that she negligently stepped on the stool after discovering its condition, and there was evidence from which the jury could infer that she did not negligently do so, and that she did not discover its condition in time to keep from stepping on it.

Charge 15, requested by the defendant was properly refused. It called for a finding for the defendant on the entire complaint, upon a failure of proof only as to counts 2 and 4, thus pretermitting a consideration of the other counts, and notwithstanding there was evidence in support of counts 6 and 7. Counsel justifies this charge, in argument, upon the theory that the statute of limitations was good as to these last two counts; that they were introduced by way of amendment more than a year after the injury, and were of such character as to not come within the lis pendens, and did not, therefore, relate back to the original complaint. The gravamen of the action, as disclosed by each count of the complaint was the defendant's negligent failure to provide the plaintiff with a safe place to alight from the train. It may have been that the failure was due to an improper fixing of the stool, the unevenness of the ground upon which it was fixed, or the unevenness of the ground where the train was stopped, and at the point at which the stool was set and she was invited to alight. The averment of one or all of these causes was but the statement of facts setting out wherein the defendant failed to provide a safe place for her to alight from its train. If the stool upon which she was invited to step was not properly adjusted, because of the way it was fixed on the ground, and for that reason careened or turned over, the defendant failed to furnish her a safe place to alight. If the ground was uneven, and in consequence thereof

the stool was not stationary or secure, she was not provided with a safe place at which to alight. If the train stopped where the ground was broken and uneven, and defendant's servant placed the stool at such a point, and it careened or turned because of the condition of the ground where the train stopped and where it was placed, then the defendant failed to provide her with a safe place to alight. The essence of the charge in each count was the defendant's failure to provide plaintiff with a safe place to alight from the train and the amendments were not such as to prevent a relation back to the original, and were not subject to the plea of the statute of limitations.—*L. & N. R. R. Co. v. Woods,* 105 Ala. 561, 17 South. 41; *N. C. & St. L. Ry. v. Hill,* 146 Ala. 240, 40 South. 612; *City of Sheffield v. Harris,* 112 Ala. 614, 20 South. 955; *Heald's Case* (post.)`, 45 South. 686.

The trial court did not err in refusing charge 19, requested by the defendant. It pretermits the fact that the negligence of the plaintiff proximately contributed to her injury. It is true the charge refers to the pleas; but, assuming that the negligence meant by the charge was the same as what is set out in the pleas, yet the pleas aver that the negligence so set up was the proximate cause of the injury, but which said averment is as to the result or consequences of said negligence, and the word "proximate" cannot be supplied by referring the charge to the pleas, which sets out the acts or omissions constituting contributory negligence, but which cannot excuse the omission of the proximate cause from the charge. The plaintiff may have been guilty of negligence in some slight degree and in some way as set out in the pleas, and which may have contributed to her injury; yet, unless the negligence proximately contributed to her injury, the pleas were not proven, and the defendant

was not entitled to a verdict on the pleas of contributory negligence.

The evidence was sufficient to warrant a verdict for the plaintiff, and in fact the weight of the evidence was favorable to the plaintiff, and her evidence was not contradicted as to the extent of her injury and suffering, and we are not prepared to say the damages were excessive. The trial court did not err in refusing the motion for a new trial.

The judgment of the city court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.

### ON REHEARING.

DENSON, J.—The application for a rehearing is based on the ground that charge 19, requested by the defendant (appellant), asserts a correct proposition of law, and that this court has fallen into error in holding that the trial court did not err in refusing it. The doctrine of comparative negligence does not obtain in this jurisdiction; and it is true, in negligence cases, that if the plaintiff is guilty of the "slightest degree of negligence," which proximately contributes to the injury complained of, a recovery should not be allowed.—*Birmingham Railway, etc., Co. v. Bynum,* 139 Ala. 389, 36 South. 736. But in this case there are sundry pleas setting up, in varying form, negligence on the part of the plaintiff. The legal effect of charge 19 is to remit the jury to these pleas to determine what negligence is alleged. A charge to a jury should be clear and free from any tendency to confuse, and if not free from such tendency, though it may assert a correct proposition of law, the trial court may refuse it without committing reversible error.—

[Atlanta & Birmingham Air Line Railway v. Wheeler.]

*Boullemet's Case,* 28 Ala. 83; 1 Mayfield's Dif. p. 171, § 151.

In the case of *Woodward Iron Co. v. Clinton Curl,* 153 Ala. 215, 44 South. 969, 973, charge 1 requested by the plaintiff, in this language: "While the injury alone is not sufficient, yet I charge you, gentlemen of the jury, that if you believe from the evidence that the plaintiff, Clinton Curl, was injured, and that the negligence of the defendant as charged in either the second, third, fourth, sixth, seventh, eighth, ninth, tenth, thirteenth, fifteenth, sixteenth, seventeenth, or eighteenth counts of the complaint was the proximate cause of the plaintiff's injuries, then you must find for the plaintiff"—was given. Of the action of the court in giving said charge this court said: "While we will not say the court committed reversible error in giving charge 1, we do say that such charges should never be given, as they tend to confuse the jury." A number of authorities are there cited in support of the utterance of the court. See, also, *Birmingham Railway, etc., Co. v. Hayes,* 153 Ala. 178, 44 South. 1032, construing charge 27 requested by the plaintiff in that case. It seems to the writer that the charge here in judgment falls in the same category with charge 1 in the case cited, and that the vice of a "confusing tendency" inheres in the charge remitting the jury to the pleas.

It is on this ground that he bases his judgment that the lower court committed no reversible error in refusing charge 19, and that the application for a rehearing should be overruled.