(99 South. 920)

## JOHNSTON v. WARRANT WAREHOUSE CO. (1 Div. 317.)

(Supreme Court of Alabama.   April 24, 1924.)

**1. Evidence ⚖=123(10)—Plaintiff's yell, immediately after collision, was admissible.**

In an action for injuries from collision of a truck with plaintiff's automobile, plaintiff's immediate "yell," "My back!" was admissible.

**2. Appeal and error ⚖=1057(1)—Exclusion of evidence to prove a point, proved without dispute, not reversible error.**

In an action for injuries, exclusion of proper evidence to prove injury to plaintiff's back, which was proved without dispute, was not reversible error.

**3. Evidence ⚖=473—Witness' reason for testifying that plaintiff could not "turn over" held inadmissible as mere inference.**

In an action for injuries, testimony of plaintiff's daughter that her reason for testifying that plaintiff could not "turn over" on the night of the injury was that witness had to help her over was inadmissible as a mere inference.

**4. Appeal and error ⚖=274(3)—Exception to ruling on objection held not to bring into review entire statement of witness.**

In an action for personal injuries, plaintiff's daughter having testified that "her mother complained dreadfully all night," and that witness had testified that plaintiff could not "turn over," because witness had to help her over, exception to sustaining of objection to the "last statement" did not render reviewable, the competency of the whole statement.

**5. Evidence ⚖=471(13) — Characterization of plaintiff's complaining as "dreadful" held to justify exclusion of testimony.**

In a personal injury action, testimony of plaintiff's daughter that plaintiff complained "dreadfully" all night, characterized the complaining in a way justifying its exclusion, since she should have been required to state plain facts.

**6. Appeal and error ⚖=1057(1)—Refusals to admit testimony in proposed form held harmless.**

In an action for personal injuries, where plaintiff's injuries were completely detailed, refusals to admit testimony in the form proposed by plaintiff were harmless.

**7. Evidence ⚖=473—Witness may testify to appearance of person, not to own inferences.**

A witness may testify to a person's appearance, but not to inferences drawn by him.

**8. Negligence ⚖=11 — Elements of "wanton wrong" stated.**

To constitute "wanton wrong," truck driver must be conscious that the injury will probably result from his act, must act with reckless indifference to such consequences.

- [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wanton.]

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by Kate T. Johnston against the Warrant Warehouse Company for personal injuries, etc., resulting from a collision by defendant's truck with plaintiff's automobile. Judgment for plaintiff for an insufficient amount, and she appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Assignments of error 2 and 3 relate to the exclusion of the statements in the testimony of the plaintiff's daughter, as a witness for plaintiff, that the plaintiff "was suffering a great deal," and that the plaintiff "could not turn over," the night after the injury.

Smiths, Young, Leigh & Johnston, of Mobile, for appellant.

Expressions indicative of physical suffering are admissible in evidence for the purpose of showing the existence of such pain and suffering. B. R., L. & P. Co. v. Rutledge, 142 Ala. 195, 39 South. 338; Phillips v. Kelly, 29 Ala. 628; Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 South. 89; L. & N. v. Davener, 162 Ala. 660, 50 South. 276; New Connellsville C. & C. Co. v. Kilgore, 162 Ala. 642, 50 South. 205; Lewy Art Co. v. Agricola, 169 Ala. 60, 53 South. 145. Exclusion of testimony of witnesses that plaintiff seemed to suffer was error. So. Ry. Co. v. Hobbs, 151 Ala. 351, 43 South. 844; Stone v. Watson, 37 Ala. 279; S. & N. A. R. Co. v. McLendon, 63 Ala. 276; Jenkins v. State, 82 Ala. 25, 2 South. 150; State v. Houston, 78 Ala. 576, 56 Am. Rep. 59; Mayberry v. State, 107 Ala. 64, 18 South. 219; Barlow v. Hamilton, 151 Ala. 634, 44 South. 657; Stoudemire v. Davis, 208 Ala. 495, 94 South. 499. Where defendant has knowledge of facts which make it probable that the doing of a particular act will inflict injury, and does that act with reckless indifference to the consequences, he is guilty of wantonness. Naugher v. L. & N., 206 Ala. 515, 91 South. 254; B. R., L. & P. Co. v. Brown, 150 Ala. 329, 43 South. 342.

Webb & Shepard, of Mobile, for appellee.

There was no evidence to sustain the count charging wantonness; hence the court properly charged the jury that the plaintiff was not entitled to recover under that count. L. & N. R. R. Co. v. Brown, 121 Ala. 221, 25 South. 609; M. & C. R. R. Co. v. Martin, 117 Ala. 367, 23 South. 231.

SAYRE, J.   Plaintiff's automobile and defendant's auto truck were in collision at the corner of Conti and Hamilton streets in the city of Mobile, with result that plaintiff suffered bodily injuries and her automobile was damaged. Plaintiff's complaint declared as for (1) simple negligence and (2) wanton wrong. From a verdict and judgment in her favor plaintiff prosecutes this appeal, contending that the trial court committed er-

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rors in rulings affecting the measure of damages claimed.

[1, 2] The fact that immediately upon the happening of the accident plaintiff "yelled" —to use the language of the witness, her daughter—"My back!" should have been admitted in evidence, as this court by analogy has frequently held. But the only tendency of the excluded evidence was to prove the fact that plaintiff's back had been hurt, and that was proved without dispute, so that we are unwilling to predicate reversible error of the court's ruling against this evidence.

[3-5] Plaintiff's witness, her daughter, testified that "the night after the injury she [plaintiff] was not able to move or turn over," but this testimony was excluded on motion. Then, to quote the bill of exceptions, "the witness, continuing, stated"—whether in answer to specific interrogatory or not, does not appear—"that her mother complained dreadfully all night, and that the reason the witness said she could not turn over was that she had to help her over." To this "last statement" defendant objected; the court sustained the objection; and plaintiff excepted. Witness' reason for her statement in evidence was clearly inadmissible; and, further, the witness afterwards testified to the fact that "she had to turn her mother over," thereby removing any possibility of harm from the error. We are not of opinion that defendant's objection to the witness' "last statement" brought into question the testimony of the witness to the effect that "her mother complained dreadfully all night," or that plaintiff's exception, construed against her as it must be, has served to bring into review in this court the competency of that testimony. Moreover, the witness' characterization of plaintiff's complaining justified the ruling. She should have been required to state plain facts, as was done in Phillips v. Kelly, 29 Ala. 628.

[6] Moreover, again, and apart from what has thus far been said, it is entirely clear upon the whole record that plaintiff got her case fully before the jury in every respect. Her injuries and their alleged consequences were described in completest detail, so that we can scarcely conceive that the testimony heretofore considered, if admitted in the form proposed by plaintiff, would have made any difference in the result.

[7] A witness may testify to the appearance of a person, as this court has frequently decided; but in making the statements referred to in the second and third assignments of error the witness transgressed this rule of admissibility, and undertook to state as facts what of necessity were nothing more than inferences drawn by the witness.

Assignments 7 and 8 are not insisted upon in argument. The rulings appear to be harmless at worst.

[8] The evidence has been considered, and we find in it no reasonable basis on which to charge defendant's driver with anything more than simple negligence. There was nothing, we think, in the circumstances shown in evidence to warrant in reason a finding that defendant's driver was conscious that injury would probably result as it did, or that, being so conscious, he drove defendant's truck with reckless indifference to such consequences—these being the essential elements of wanton wrong as defined in our decisions. Louisville & Nashville v. Brown, 121 Ala. 221, 25 South. 609.

The tenth assignment of error is based upon the trial court's denial of plaintiff's motion for a new trial. In addition to the rulings already noticed, plaintiff, appellant, complains that the verdict should have been set aside on account of the inadequacy of the damages assessed. The argument is that the damages awarded, $500, barely covered the damages done to plaintiff's automobile and allowed nothing for the injuries suffered in her person. But upon consideration of the whole record we think it may be easily seen that the jury considered the damage to plaintiff's automobile to be remediable by the expenditure of $100, approximately, and that the balance of the assessment is to be credited to the jury's judgment of the physical hurt and pain suffered by plaintiff. The evidence was susceptible of this construction, and we are unable to say that the jury in adopting it were influenced by passion, prejudice, or improper motive. Montgomery L. & T. Co. v. King, 187 Ala. 619, 65 South. 998, L. R. A. 1915F, 491, Ann. Cas. 1916B, 449. In cases of this character, where the trial judge has refused to disturb the jury's assessment, this court is reluctant to substitute its judgment for that of the appointed triors of fact. Central of Georgia v. White, 175 Ala. 60, 56 South. 574. We find no sufficient reason for disturbing the result in this case.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.