(113 So. 531)
**CONWAY v. ROBINSON.** (6 Div. 771.)

Supreme Court of Alabama. April 28, 1927.

Rehearing Denied June 30, 1927.

1. Highways ⬤➡184(1)—Complaint held to charge proximate causal connection between injury in collision between automobiles and negligence alleged.

Allegation of complaint in action for injury in automobile collision, that defendant was guilty of negligence in and about the equipment, management, operation, and control of automobile on such occasion, and plaintiff was injured as proximate cause thereof, in connection with

antecedent allegation of collision, charged proximate causal connection between plaintiff's injury and negligence alleged.

**2. Appeal and error ⊚═232(1½), 758(3)—Objections to count in complaint, not presented by demurrers or brief, will not be considered.**

Objections to count in complaint, which were not presented by demurrers or brief, will not be considered on appeal.

**3. Appeal and error ⊚═231(3)—Mere general objection to evidence as immaterial, irrelevant, and incompetent held not to present error (circuit court practice rule 33).**

Under circuit court practice rule 33, mere general objection to introduction of evidence of trousers worn by plaintiff on occasion of automobile collision, in which he sustained injuries for which action was brought, as being immaterial, irrelevant, and incompetent, *held* not to present error.

**4. Damages ⊚═166(1)—Evidence of plaintiff's suffering pain during nine weeks following automobile collision held admissible.**

In action for injuries received in automobile collision, admission of evidence by plaintiff, as to suffering physical pain during nine weeks following accident in which collar bone was broken and splintered and other injuries inflicted, *held* not erroneous.

**5. Damages ⊚═177—Evidence of payments for physicians and X-ray pictures held properly admitted, where evidence of reasonableness of charges was afterwards furnished.**

In action for injuries received in automobile collision, plaintiff was properly permitted to testify to payments for services of physicians and X-ray pictures, where evidence of reasonableness of charges for such services was afterwards furnished.

**6. Damages ⊚═157(1)—Plaintiff, suing for injuries received in automobile collision, was properly permitted to testify as to time lost from classes, without specific allegations thereof in complaint.**

Where plaintiff, in action for injuries received in automobile collision, was a student at University, he was properly permitted to state, as witness, that he lost time from classes, without there being specific allegations thereof in complaint, whether studying at University reasonably would be called work, which was one of elements of damages alleged.

**7. Damages ⊚═191—Plaintiff's testimony of securing cheapest attendant possible during recovery from injuries in automobile collision was proof of reasonableness.**

In action for injuries received in automobile collision, plaintiff's testimony that he paid attendant sum named for waiting upon him during recovery and got cheapest one he could get *held* some proof of reasonableness of such item.

**8. Evidence ⊚═472(4)—Defendant's testimony that, had he stopped car before collision, plaintiff's machine would have hit him and probably killed his family, held properly excluded.**

In action for injuries received in automobile collision, defendant's testimony to effect that had he stopped' his car, plaintiff's machine would have hit him and probably killed his whole family, *held* properly excluded, since it was for jury to draw inferences stated by witness.

**9. Damages ⊚═174(1)—Plaintiff was properly permitted to testify as to repair bill for repairing automobile injured in collision, where such amount was reasonable value.**

In action for injuries received in automobile collision, plaintiff was properly permitted to testify as to repair bill rendered him by automobile·shop, where it was afterwards shown that such amount was reasonable value of work done.

**10. Trial ⊚═296(7) — Instruction requiring plaintiff, to recover for injuries in automobile collision, to prove facts "fairly" inferring defendant's negligence caused injury, held not erroneous, in view of other parts of charge.**

Charge, in action for injuries in automobile collision, to effect that plaintiff had burden of proving facts from which it could "fairly" be inferred that defendant's negligence was proximate cause of injuries, *held* not erroneous, where it appeared from other parts of charge that court, by use of word "fairly," meant it was necessary for jury to draw reasonable inferences in order to find verdict for plaintiff.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fairly.]

**11. Trial ⊚═277—Exception to "that part of charge defining wantonness" held too indefinite.**

Exception to charge, which was "that part of the charge defining wantonness,", *held* too indefinite.

**12. Highways ⊚═184(4)—Court properly submitted issue of wanton injuries in automobile collision, under evidence authorizing inference of reckless indifference.**

Where evidence in action for injuries in automobile collision would have authorized jury to infer reckless indifference on part of defendant to probable consequences of his actions in presence of known situation, submitting issue of wantonness to jury was not error.

**13. Trial ⊚═237(6), 256(4)—Instruction authorizing recovery in action for injuries in automobile collision, if jury "believed" defendant was negligent, held not erroneous, and, if explanatory charge was desired, it should have been requested.**

Instruction, in action for injuries in automobile collision, authorizing recovery if jury "believed" from the evidence that defendant was guilty of negligence, *held* not erroneous in use of word "belief," in that there is no substantial difference between such expression and that of being reasonably satisfied, and in any event defendant, if so desiring, should have requested an explanatory charge to that effect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Believe.]

**14. Highways ⊚═172(1)—Instruction authorizing recovery for "slightest negligence" causing automobile collision held erroneous.**

Instruction, in action for injuries in automobile collision, authorizing recovery if de-

fendant was guilty of the "slightest negligence" proximately causing injury, *held* erroneous, in that slightest negligence is want of ordinary care and prudence, and in effect required a greater degree of care than was proper.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Slight Negligence.]

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by M. L. Robinson against J. M. Conway. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The charge made the basis of the thirty-fifth assignment of error is as follows:

"If you believe from the evidence that the defendant was guilty of the slightest negligence that proximately caused the injury and damage of which the plaintiff complains, then you must find for the plaintiff, unless the defendant has reasonably satisfied you from the evidence that the plaintiff was guilty of contributory negligence; that is, negligence that proximately contributed to said injury and damage."

F. D. McArthur, of Birmingham, for appellant.

The first count shows no causal connection between the equipment of the car in a negligent manner and the injury complained of. Creola Lbr. Co. v. Mills, 149 Ala. 485, 42 So. 1019. Plaintiff should not have been permitted to testify that he suffered pain. This was for the jury to determine. Standard Oil Co. v. Humphries, 209 Ala. 495, 96 So. 629; Johnston v. Warrant W. H. Co., 211 Ala. 165, 99 So. 920. It was not a question of what plaintiff paid out, but whether what was paid was a reasonable charge. Powell v. State, 5 Ala. App. 75, 59 So. 530. Elements of damage not claimed cannot be recovered. Irby v. Wilde, 150 Ala. 404, 43 So. 574; B. R. L. & P. Co. v. Beck, 1 Ala. App. 294, 55 So. 428; Columbia Motors Co. v. Williams, 209 Ala. 640, 96 So. 900. Negligence must be proven to the reasonable satisfaction of the jury. The oral charge of the court, in stating the burden of proof, was in error. Weatherly v. N. C. & St. L., 166 Ala. 575, 51 So. 959. The wanton count should not have been submitted to the jury. Duncan v. St. L. & S. F., 152 Ala. 118, 44 So. 418; Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219. Plaintiff's given charges were erroneous, in requiring that the jury believe rather than that they be reasonably satisfied, placing a higher degree of proof on defendant on plea of contributory negligence than on plaintiff on his complaint.

Horace C. Wilkinson and J. R. McElroy, both of Birmingham, for appellee.

No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies, and no objection can be taken or allowed which is not distinctly stated in the demurrer. Code 1923, § 9479; De-

slandes v. Scales, 187 Ala. 25, 65 So. 393. Specific grounds must be stated in an objection to the introduction of evidence. Rule 33, 4 Code 1923, p. 906. And, where no motion is made to exclude testimony allowed over objection, it will be presumed the objecting party was satisfied with the evidence. Davis v. Smitherman, 209 Ala. 244, 96 So. 208; W. U. Tel. Co. v. Rowell, 166 Ala. 651, 51 So. 880. It is proper for a plaintiff to testify of physical pain suffered from the injury complained of and as the result thereof. B. R. L. & P. Co. v. Hunt, 200 Ala. 560, 76 So. 918. Evidence of amounts paid for damages to car and services of a physician is admissible without first showing that the charges were reasonable. Donaldson v. Foreman, 213 Ala. 232, 104 So. 406; B. R. L. & P. Co. v. Humphries, 172 Ala. 495, 55 So. 307. The fact that since the accident plaintiff had not done any work and could do none was admissible to show the character and extent of his injury. St. L. & S. F. v. Savage, 163 Ala. 55, 50 So. 113. The term "work" includes all forms of physical or mental exertions. State v. Rose, 125 La. 462, 51 So. 496, 26 L. R. A. (N. S.) 821. An exception only designating the subject treated in the oral charge is insufficient. Knowles v. Blue, 209 Ala. 27, 95 So. 481; Stowers v. Brake, 158 Ala. 639, 48 So. 89. An instruction requested by plaintiff, stating "that, if you believe from the evidence," instead of "if you are reasonably satisfied from the evidence," if erroneous, was harmless to defendant, since the difference, if any, in the terms, was favorable to defendant. Farmers' & M. Bank v. Hollind, 200 Ala. 371, 76 So. 287. Where a charge is given which would be correct on any state of facts, it will be presumed that there was testimony authorizing this, unless the record affirmatively shows the contrary. Alexander v. Alexander, 71 Ala. 295; Middlebrooks v. Sanders, 180 Ala. 407, 61 So. 898.

SAYRE, J. [1, 2] The point taken in the brief against count 1 of the complaint is that it fails to show proximate causal connection between the alleged negligent equipment of defendant's automobile and the injury suffered by plaintiff. The allegation is that defendant was guilty of negligence in and about "the equipment, management, operation, and control of the automobile he was operating on said occasion, and as a proximate consequence the plaintiff was caused to sustain the injury," etc. This, in connection with the antecedent allegation of a collision between the automobiles of the parties, quite plainly charges a proximate causal connection between plaintiff's injury and the negligence alleged. Other objections to the count, if any, we do not consider because not presented by the demurrers or the brief. Like observations apply to that assignment of error addressed to the action of the court

in overruling the demurrer to count 2 of the complaint.

[3] The trial court overruled defendant's mere general objection—that is, defendant's objection that the proposed evidence was immaterial, irrelevant, and incompetent— to the introduction of the trousers worn by plaintiff on the occasion of the accident. The condition of the trousers tended to show the location of the impact suffered by plaintiff in the collision. True, they may possibly have undergone some change in the meantime; but that did not appear, and, if that was defendant's objection, then as now, he should have specified his objection as required by rule 33 of Circuit Court Practice, page 906 of the Code. His objection was merely general, as we have said, nor was the objection now taken apparent on the face, so to speak, of the trousers. There is hence no error shown at this point. Rule 33, supra, and the cases cited in the annotation thereto.

[4] The complaint alleges. physical pain suffered by plaintiff, and he was allowed, over objection, to say that during nine weeks following the accident, in which his collar bone was broken and splintered and other injuries inflicted, he suffered pain. In B. R. L. & P. Co. v. Hunt, 200 Ala. 560, 76 So. 918, a majority of the court held such evidence to be proper. Defendant, appellant, relies upon the ruling in Standard Oil Co. v. Humphries, 209 Ala. 493, 96 So. 629. The ruling in that case was not on a question of evidence, though it was said, arguendo, that "Under the rule prevailing in this state, plaintiff would not have been allowed to testify that he suffered mental anguish." Comment on the last-mentioned case is found in Gadsden General Hospital v. Hamilton, 212 Ala. 531, 103 So. 553, 40 A. L. R. 294. We do not appreciate the difference between physical pain and mental anguish as affecting the manner of proving the two, but the cases make a difference; this is a case concerning the proof of physical pain, and the court is content to let its rule of decision in that respect stand. Ruling now. in harmony with our previous decisions, we hold that there was no error at this point. Johnston v. Warrant Warehouse Co., 211 Ala. 165, 99 So. 920, referred to by appellant in this connection, had to do with testimony by the witness of expressions of pain by another, the injured plaintiff, a question entirely different from that here presented.

[5] Plaintiff testified to payments made for the services of physicians and for X-ray pictures, and was properly allowed to do so. Evidence of the reasonableness of the charges for these services was afterwards furnished. There was no error in admitting the proof first named, for the reason that plaintiff could not be required to prove the two facts by one question. B. R. L. & P. Co. v.

Humphries, 172 Ala. 495, 55 So. 307. The rulings here in question may also be sustained on another ground. 172 Ala. 497, 55 So. 307.

[6] Plaintiff was a student of law at the University of Alabama, and. was allowed to say as a witness that he lost time from his classes. This was not error, though there was no specific allegation of time lost from classes in the complaint. In his enumeration of the elements of damage suffered by him, plaintiff did allege that he was unable, by reason of his injuries, for a long time to work. We think studying law at the University may very reasonably be called work. and, apart from that, this testimony tended to show the extent of his injuries even though he had not been entitled to recover damages for his inability to work. St. L. & S. F. v. Savage, 163 Ala. 57, 50 So. 113.

[7] Plaintiff testified that he paid an attendant a sum named for waiting upon him during the time of his recovery and that he got the cheapest one he could get. This was some proof of the reasonableness of the item.

[8] The court did not err in excluding from the jury this statement by defendant as a witness:

"If I had .stopped my car at that time, the Ford [plaintiff's machine] would have hit me in the middle and probably killed my whole family."

Defendant's family were in the car with him, but it was for the jury to draw the inferences stated by the witness.

[9] In connection with evidence subsequently introduced, there was no error in permitting plaintiff to testify that the Crawford Auto Shop rendered him a bill for $71.50 for repairing his Ford after the collision. Afterwards it was shown that the amount of the liability thus incurred was the reasonable value of the work done. Donaldson v. Forman, 213 Ala. 232, 104 So. 406.

[10] The court, instructing the jury orally, said :

"And the burden of proof is on the plaintiff to prove to your reasonable satisfaction such facts from which it can fairly be inferred that the negligence of the defendant was the proximate cause of the alleged injuries."

The point of defendant's exception was and is that this charge allowed plaintiff to recover on proof of facts from which it might possibly be inferred, etc. The criticism is too strait-laced. We think that by "fairly" the court meant "reasonably," and that it was necessary for the jury to draw such reasonable inference in order to find a verdict for plaintiff. This appears clearly enough from other parts of the charge. There was no reversible error.

[11, 12] The second count of the complaint charged wantonness on the part of defendant in bringing about the collision in which

plaintiff was injured. The court submitted the issue thus tendered to the jury for decision. The exception was to "that part of the charge defining wantonness." This was too indefinite. B. R. L. & P. Co. v. Friedman, 187 Ala. 570, 65 So. 939. But the court followed substantially the definition of wantonness often stated by this court. Nor can we say the court committed error in submitting this issue to the jury. From the evidence showing the situation at the place of the collision and from plaintiff's account of what occurred, it was open to the jury to infer a reckless indifference on the part of defendant to the probable consequences of his actions in the presence of a known situation. There was much evidence tending to exculpate defendant of any wrong, but its weight was for the jury.

The following charge was given at the request of plaintiff:

"If you believe from the evidence that the defendant was guilty of the slightest negligence that proximately caused the injury and damage of which plaintiff complains, then you must find for the plaintiff, unless the defendant has reasonably satisfied you from the evidence that the plaintiff was guilty of contributory negligence; that is, negligence that proximately contributed to said injury and damage."

[13] So far as concerns the use of the word "believe," the charge, in the respect just here under consideration, was stated in the language of frequent use in that connection, and we find no reversible error in the court's action in giving it. If appellant now finds a difference between "belief" and "reasonable satisfaction," it is a difference which, according to a number of cases of recent consideration in this court (Farmers' Bank v. Hollind, 200 Ala. 371, 76 So. 287; Climer v. St. Clair Telephone Co., 200 Ala. 656, 77 So. 30; McCaa v. Thomas, 207 Ala. 211, 92 So. 414; Bush v. State, 211 Ala. 1, 100 So. 312; Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; Oliver's Garage v. Lowe, 212 Ala. 602, 103 So. 586), went into the scale against plaintiff, appellee, and of that defendant, appellant, cannot be heard to complain. Our present opinion is that the average juror, a fair representative of the average intelligence, would find no substantial difference between the two forms of expression, and that, in any event, if defendant was of a different opinion and desired to have the jury told that, "if you believe" meant no less than "if you are reasonably satisfied," he should have requested an explanatory charge to that effect.

[14] But in another respect the charge was objectionable and should have been refused. The language of the charge, instructing the jury as to the burden of care resting upon defendant, was, in effect, that defendant was answerable for the slightest negligence proximately causing the injury of which plain-tiff complained. Not slight negligence—the language of the charge is "slightest"—but any want, however slight, of ordinary care, resulting proximately in plaintiff's injury, constitutes actionable negligence. "Slight negligence is the want of extraordinary care and prudence. * * * The standard by which the plaintiff's negligence is to be measured is the standard of ordinary care." Beach on Contrib. Neg. § 20. This court made a similar statement in Southern Railway v. Arnold, 114 Ala. 191, 21 So. 954, quoting from Mr. Beach and the Supreme Court of Wisconsin, Cremer v. Portland, 36 Wis. 92. Contributory negligence was the question then at issue; but the same standard must be used in measuring the conduct of defendant. In B. R. L. & P. Co. v. Bynum, 139 Ala. 389, 36 So. 736, the court held that a charge correctly phrased, so far as concerns the question (charge 5 in that case), should have been given, saying:

"It is certainly the law that any want of care, however slight, on the part of the plaintiff, if it contributed proximately to produce the injury, will defeat his action,"—citing Beach, ubi supra, Southern Railway v. Arnold, supra, and the earlier case of Holland v. T. C. I. & Railroad Co., 91 Ala. 444, 454, 8 So. 524, 12 L. R. A. 232.

In the last-cited case, however, the language of the charge there in question, differing in some respect from that of the charge now under review, was said to be open to criticism, if not condemnation. The court did say that there were very respectable authorities which hold that the abstract proposition of the instruction (charge 5 in that case) was sound. But, looking to the context of the opinion, the language of the charge, and the cases cited (Murch v. Concord R. R. Co., 29 N. H. 9, 61 Am. Dec. 631; Potter v. C. & N. Railway Co., 21 Wis. 372, 94 Am. Dec. 548), it very clearly appears that the court was speaking of a definition of proximate cause not involved in the charge in the present case; that is, it was speaking to the proposition that, if plaintiff's negligence was such that but for it the accident could not have happened, the plaintiff cannot recover. But decision on that point was pretermitted. Mr. Beach, ubi supra, says that the weight of the most intelligent authority will, he believes, maintain the position we have undertaken to state. But we would not stickle for any mere form of words, and, if that part of the charge which undertakes to define negligence on the part of defendant stood alone, dealing with the probable effect of such a charge upon the jury, we might be inclined, for practical purposes, to hold that it was misleading merely and called for explanation. But, when the charge came to the definition of contributory negligence, negligence on the part of plaintiff, it employed another language which,

though correct in itself, when set over against the statement as to negligence on the part of defendant, produces a most unfortunate impression as giving the jury to understand that the defendant was responsible for the slightest negligence, while plaintiff, on the other hand, was responsible only for negligence of a different sort, of a sort not to be described as slightest or even slight—thus, to the common understanding, setting up different standards of care and prudence for the respective parties, telling the jury in effect that, while plaintiff was under duty to be careful, defendant was under duty to be careful to the last degree. The evidence on either hand was such as to call for a very careful adjustment of the scales of justice and our opinion is that the giving of the charge in question was prejudicial error, for which the judgment must be reversed. For like reasons the charge shown in the thirty-fifth assignment of error and given on the request of plaintiff must be condemned.

Other assignments of error need no special treatment. It only remains to say that we cannot, as matter of law, affirm that plaintiff was guilty of contributory negligence as appellant contends. That was a question for the jury.

Reversed and remanded.

All the Justices concur.

ANDERSON, C. J., and BROWN, J., concur in the opinion and conclusion, except they think that the case of B. R. L. & P. Co. v. Bynum, 139 Ala. 389, 36 So. 736, should be overruled in so far as it holds that the refusal of the charge was reversible error. B. R. L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013; Atlanta & Birmingham Air Line Ry. Co. v. Wheeler, 154 Ala. 530, 46 So. 262.

BOULDIN, J. I concur in the opinion, except in this: I do not commit myself to the definition of "slight negligence" as "a want of extraordinary care."

Negligence is the failure to exercise that degree of care required by law. It is a failure of duty by act of omission or commission. In the absence of special relations imposing a higher degree of care, the measure of legal duty is the exercise of that degree of care which persons of reasonable prudence exercise under like conditions. It is often defined as a want of ordinary care, the care which men of common prudence ordinarily employ under similar circumstances. Hence there is usually no duty to exercise "extraordinary care." The want of extraordinary care may be no negligence whatever. Where there is no failure of duty, there is no negligence, not the slightest negligence. To my thinking, slight negligence, of necessity, imports some slight failure of

duty, failure in some measure to use reasonable care, not extraordinary care.

Notwithstanding the high source of the definition given by Mr. Beach, followed by many courts of highest standing, I consider the definition inapt and illogical, opposed to the legal definition of negligence itself as everywhere stated. Words and phrases, "Negligence."