WILLARD T. SEARS *vs.* KINGS COUNTY ELEVATED RAILWAY COMPANY.

Suffolk.   March 6, 1890. — September 4, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Written Vote of Corporation — Offer and Acceptance — Extrinsic Evidence.*

The vote of a corporation, purporting only to fix the salary of its treasurer, must, to constitute a contract, be offered for his acceptance and actually accepted by him; and oral evidence is competent not only to show such offer and acceptance, but also to disclose circumstances attending the transaction which warrant the inference that the vote was not so communicated and accepted, and never took effect as a contract.

In an action by the treasurer of a newly organized railroad corporation to recover his salary as fixed by its written vote, it appeared that it was necessary for the corporation, before exercising or fully securing its franchise, to do certain things which were not done while the plaintiff remained in office, and there was little for him to do as treasurer; that it was agreed at the time of the election of its officers that no salary should be paid to the president or treasurer until the charter of the company should be fully completed and the company should get upon its feet; and that about five months after its organization there were fruitless negotiations for the sale of a large part of the stock. The defendant offered oral evidence, which was excluded, that the vote fixing the treasurer's salary, passed pending the negotiations, was to be binding and operative only on condition that the negotiations succeeded; and that the plaintiff was present at the meeting as one of the directors, and assented to this arrangement. *Held*, that the evidence offered was admissible upon the question whether there was a contract between the parties for the payment of a salary to the plaintiff, and was erroneously excluded.

In an action by the treasurer of a corporation to recover his salary as fixed by its written vote, in which the issue is whether the vote constitutes a binding con-

tract, it seems that evidence is competent on behalf of the corporation that the treasurer furnished a statement of its liabilities which did not include any claim of his own for salary at a time when, as claimed in the action, more than two years' salary was due to him, and that, after he ceased to be treasurer, he was shown and assented to a statement of the company's liabilities which did not include his salary.

CONTRACT, to recover for the services of the plaintiff as treasurer of the defendant corporation from January 2, 1879, to May 15, 1881. At the trial, in the Superior Court, before *Lathrop,* J., a verdict was ordered for the plaintiff; and the defendant alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*B. Wadleigh,* (*S. C. Eastman* of New Hampshire *& F. B. Hayes* with him,) for the defendant.

*L. S. Dabney,* (*H. G. Allen* with him,) for the plaintiff.

W. ALLEN, J. The plaintiff, who was a director of the defendant corporation, was elected its treasurer on January 2, 1879, immediately after the organization of the company, and so continued until May 15, 1881, when he resigned both offices. No salary was established for the office of treasurer at the time the plaintiff was elected to that position. On June 6, 1879, at a meeting of the directors at which the plaintiff was present, the following votes were passed: " That the salary of the president be fixed at the sum of six thousand dollars, to date from the organization of the company, and subject to future adjustment; that the salary of the treasurer be fixed at the sum of six thousand dollars, to date from the organization of the company, and to be subject to future adjustment."

The plaintiff's contention is, that the vote of the defendant constitutes a written contract, which cannot be varied by parol evidence. But the vote is not a contract. It is the act of the defendant alone, and it requires the act of both parties to make a contract. The vote must have been communicated by the defendant to the plaintiff, and accepted by him, to constitute a contract between them. To make a vote of a corporation a contract binding on it, it is necessary, as in the case of a deed or promissory note, that there should be the offer of the obligation by the one party to the other, and its acceptance by the other. In the case of written instruments, the usual evidence of offer and acceptance is proof of the manual delivery of the instrument.

There can be no actual delivery of a vote, and there need be no symbolical delivery of it, but to make a written vote binding as a promise, it must be communicated to the other party, that is, offered to him for his acceptance, and accepted by him, which is the equivalent of the delivery and acceptance of a written instrument. Proof that the writing was offered and accepted as a contract between the parties is equally necessary, whether the writing be a vote or a deed. The fact that a party knows of and claims under a vote of a corporation, as in *Delano* v. *Smith Charities*, 138 Mass. 63, may be *prima facie* proof that it was communicated to and accepted by him, as the possession of and claiming under a deed may be *prima facie* proof of its delivery and acceptance ; but it is proof by oral evidence, and oral evidence is competent to control it, and to show that the vote was not communicated to the party, or that it was not accepted by him. As the circumstances attending the transaction may afford an inference that the vote was communicated to and accepted by the other party, so they may be such as to afford an inference that it was not communicated by the corporation to the other party for his acceptance, and that it was not accepted by him. Parol evidence of such circumstances does not vary the written vote, but only shows that it never took effect as a contract. The case at bar furnishes a sufficient illustration.

The vote was not in form a contract with or promise to the plaintiff. It purported only to fix the salary of the treasurer of the corporation. The circumstances attending the vote, which were in evidence, and of which the defendant offered evidence, were in brief and substance as follows. The object of the corporation was, as its name imports, to build an elevated railway or railways. It was organized under its charter, and the plaintiff was chosen and acted as its treasurer. Before exercising, or fully acquiring, its franchise to build railways, it was necessary to do certain things which were not done while the plaintiff remained in office, and there was very little for him to do as treasurer. It was in evidence, as recited in the bill of exceptions, that "it was agreed at the time of the election of officers that no salary should be paid to the president or treasurer until such time as the charter of the company should be fully completed, and the company should get upon its feet." About five

months after the organization of the company, there were negotiations with outside parties looking to the sale to them of a large part of the stock of the corporation, but nothing came of them. About two years later, and about the time of the plaintiff's resignation of the office of treasurer, there were similar negotiations, which also came to nothing. The plaintiff testified that under the former negotiations an agreement was executed which looked to perfecting the franchise of the corporation, and commencing the construction of railways under it, which was dated June 5, 1879. The above vote of the company, fixing the salary of its treasurer, was passed on June 6, 1879, and the defendant offered to prove that it was " to be binding and operative only on condition that the negotiations then pending went through, and that if they did not, it was to be of no effect; and that the plaintiff assented thereto." This evidence was excluded at the trial; and the defendant excepted.

What the defendant wished to prove was, that the plaintiff was chosen treasurer of a corporation which was not prepared to commence its business, under an agreement that he should receive no salary until arrangements for doing business were perfected ; that the amount of the salary which was to be paid him was not fixed; that afterwards, when negotiations were pending which it was believed would result in the commencement of business by the corporation, the vote fixing the amount of the salary of the treasurer was passed by the directors, with the understanding on their part, and on the part of the plaintiff, who was present at the meeting as one of the directors, that it should not supersede the agreement under which the plaintiff was elected, and should not be operative until such time as under that agreement the plaintiff should be entitled to a salary. As the plaintiff was present when the vote was passed, he of course knew of it; but the jury might have found, upon the offered proof, that he also knew that it was not passed to be communicated to him for his acceptance until the time when he should be entitled to a salary, and that he did not in fact accept it as a promise to pay him a salary. We think that the evidence excluded was competent upon the question whether there was a contract between the parties that the plaintiff should be paid a salary. It tended to show that the promise contained in the vote was not

offered to and accepted by the plaintiff while he continued in office.  See *Commonwealth Ins. Co.* v. *Crane*, 6 Met. 64; *Wilson* v. *Powers*, 131 Mass. 539.

It would seem that the court might have admitted the evidence offered and excluded of the conduct of the plaintiff in regard to the statements of indebtedness of the corporation.  The evidence was offered as an admission by the plaintiff that the defendant was not indebted to him.  If the jury believed, as the evidence tended to prove, that he as treasurer furnished a statement of the liabilities of the corporation, and did not include among its liabilities, any claim of his own for salary, at a time when, as he now claims, more than two years' salary was due to him, and that after he ceased to be treasurer he was shown and assented to a statement of the liabilities of the company, which did not include his salary, we think that the evidence would be competent to be considered by the jury upon the question whether there was a contract that a salary should be paid to him.                    *Exceptions sustained.*