(113 So. 513)

### Ex parte ADAMS.    (6 Div. 896.)

Supreme Court of Alabama. June 9, 1927.

**1. New trial ⬤⟿155—Motion for new trial does not lapse after being heard and submitted in due time; further order of continuance being unnecessary unless consideration is carried to another term.**

Motion for new trial does not lapse when within 30 days from judgment, or from the date to which hearing thereon has within 30 days been continued, the motion has been heard, submitted, and taken under advisement; no further order of continuance being necessary unless its consideration is carried over to another term of court.

**2. Mandamus ⬤⟿164(4)—Uncontroverted return or answer of respondent will be taken as true in mandamus.**

In passing on a petition for mandamus, the return or answer of respondent, unless controverted, is to be taken as true.

**3. Mandamus ⬤⟿42—Supreme Court would not, on mandamus, require judge to restore stricken order which would not speak truth.**

The Supreme Court would not, on petition in mandamus, require the circuit judge to redate and restore an order of continuance on a motion for new trial, where the order had already in effect been stricken and if redated and restored as prayed it would not speak the truth.

**4. Mandamus ⬤⟿154(1)—Petition in mandamus to require judge to correct record should deal with record's status when petition was filed.**

Petition in mandamus to require the circuit judge to correct an entry should deal with the state of the record at the time of filing the petition.

**5. New trial ⬤⟿156—Circuit court cannot, after 30 days, amend, nunc pro tunc, order continuing motion for new trial, without record or quasi record evidence.**

Circuit court is without power to amend, nunc pro tunc, an order of continuance of motion for new trial more than 30 days after the order, in the absence of record or quasi record evidence showing the order actually pronounced.

**6. New trial ⬤⟿156—Order continuing motion for new trial is "judgment" for purpose of keeping motion alive, within statute (Code 1923, § 6670).**

An order of continuance of a motion for new trial is, for the purpose of keeping the motion alive, an effective presently operating "judgment" within Code 1923, § 6670, providing that the court shall lose power over a judgment within 30 days, unless a motion for new trial and an order of continuance shall have been filed and entered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment (In Law).]

**7. New trial ⬤⟿156—Court may modify order continuing motion for new trial by advancing hearing, although 30 days have elapsed from order thus modified (Code 1923, § 6670).**

The circuit court has power to modify an order of continuance of a motion for new trial by advancing hearing, although 30 days have elapsed from the date of the order thus modified, even though for the purpose of keeping the motion alive the order is a "judgment," within Code 1923, § 6670, providing the court shall lose power over a judgment within 30 days, unless a motion for new trial and order of continuance shall have been filed and entered.

**8. New trial ⬤⟿156—Circuit court is without power after 30 days from order to vacate order continuing motion for new trial (Code 1923, § 6670).**

The circuit court is without power to vacate an order of continuance of motion for new trial more than 30 days after the order under Code 1923, § 6670, providing that the court shall lose power over a judgment within 30 days, unless a motion for new trial and order of continuance shall have been filed and entered.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

    [1] Ante, p. 351.

**9. New trial ⬦⟶155—Statute limiting court's power after 30 days does not apply when motion for new trial is duly under advisement (Code 1923, § 6670).**

Code 1923, § 6670, providing that the court shall lose power over a judgment within 30 days as completely as if the term had ended, unless motion for new trial and order of continuance shall have been filed and entered, does not apply when motion is taken under advisement, since hearing and consideration are one continuous proceeding.

Original petition of John H. Adams for a writ of mandamus to compel Hon. Richard V. Evans, as Judge of the Tenth Judicial Circuit, to correct an order pertaining to a motion for new trial. Mandamus denied.

J. R. Adams, of Jacksonville, Fla., and W. A. Denson, of Birmingham, for petitioner.

Brief of counsel did not reach the Reporter.

Horace C. Wilkinson, of Birmingham, for respondent.

A court of record has control over its own judgments, records, decrees, and orders and power as well after a term has ended as while it lasts to correct apparent or proved clerical mistakes and misprisions in them and to cause them to speak the truth. National Council v. Silver, 10 A. L. R. 526, note. Mere lapse of time does not cause a court of record to lose its inherent power to amend its own records so as to make the record speak the truth. Nabers v. Meredith, 67 Ala. 333; Myers v. Conway, 90 Ala. 109, 7 So. 639; Brown v. Williams, 87 Ala. 353, 6 So. 111; Rogers v. Biggstaff, 176 Ky. 413, 195 S. W. 777. A clerical error embraces mistakes made by the court in the progress of the trial. 1 Freeman on Judgments, § 146; Broom's Legal Maxims, 115; Wilder v. Bush, 201 Ala. 21, 75 So. 143.

BOULDIN, J. This is a mandamus proceeding directed to Hon. Richard V. Evans of the Tenth judicial circuit, seeking to correct an order pertaining to a motion for a new trial. The case made by the petition is briefly this:

Petitioner, as plaintiff, recovered a judgment on October 21, 1926, against Alabama Lime & Stone Corporation. Within 30 days the defendant moved for a new trial. This motion was continued by regular orders until January 8, 1927. Thereafter the following memorandum orders were entered:

"Jan. 8/27. Passed to Jan. 15/27. Evans, J.
"Jan. 15/27. Passed to Jan. 22/27. Evans, J.
"Jan. 22/27. Argued, submitted, and taken under advisement. Evans, J.
"Feb. 7/27. Motion overruled. Novant excepts. Evans, J."

The order of January 22d, the petition alleged, was not entered on that date, nor was the cause argued, submitted, and taken under advisement on such date, but such order was in fact entered on January 29th and dated back to the 22d.

On February 14th petitioner filed in the circuit court two alternative motions with supporting affidavits, setting up the above facts and moving to strike the order of January 22d or to strike out the date thereof and insert January 29th, the true date.

These motions coming on for hearing February 19th, the defendant was granted leave, over plaintiff's objection, to file a counter motion alleging, in substance, that in fact the motion for a new trial was submitted on brief by movant and taken under advisement on January 8, 1927, and moving to correct the order of January 8th to show these facts, and to strike the further orders of January 15th and January 22d.

This motion of defendant was granted; an order entered correcting the record so as to show the motion for new trial was submitted and taken under advisement January 8, 1927. The motions of plaintiff were overruled because of correction so made on the motion of defendant. Exceptions were reserved to all these rulings.

All these proceedings are set out in the petition for mandamus filed in this court February 25, 1927. The prayer is for rule nisi directed to the judge, "requiring him to show cause why he should not correct the date of said order, changing the same to its true date, viz. January 29, 1927, so that said order shall read as follows:

"'January 29, 1927. Argued, submitted, and taken under advisement. Evans, J.'; and, in the event he should so fail to do, a writ of peremptory mandamus should issue to him from out the Supreme Court of Alabama commanding him to make said change in said date of said order."

The return or answer of respondent to the rule nisi reaffirms, in substance, the facts as set up in defendant's motion, that the order of continuance of January 8th and later orders of January 15th and 22d were entered through inadvertence, and the correction order made February 19th, showing a submission of the motion for a new trial and taking it under advisement on January 8th made the record speak the truth. The answer incorporates a demurrer upon the ground that it appears from the petition plaintiff's remedy is by appeal from the order of February 19th, and that plaintiff is not entitled to the relief prayed.

The theory upon which the remedy of mandamus is sought is that the last effective order of continuance of the motion for a new trial was January 15th; that the motion

was discontinued on January 22d for want of a further order of continuance; that the original judgment became final and passed from the control of the court. on that date; that the order of February 7th overruling the motion for a new trial was therefore void, and cannot become the basis of assignments of error on appeal by defendant. Hence the writ of mandamus is sought to make the order of January 22d show its true date of entry, January 29th, after the motion had lapsed for want of a further order of continuance.

[1] The petition as well as the return recognizes the rule that a motion for a new trial must be filed within 30 days after judgment, and, unless then heard, must be continued by special order entered within the 30-day period, and kept alive by successive orders of like kind until the hearing of the motion, and the further rule that, when the motion is heard, submitted, and taken under advisement, the motion does not lapse, and no further order of continuance is necessary unless its consideration is carried over to another term of the court. Mt. Vernon Woodbury Mills v. Judges, 200 Ala. 168, 75 So. 916; Ex parte Margart, 207 Ala. 604, 93 So. 505; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Doak, 188 Ala. 406, 66 So. 64; L. & N. R. R. v. Perkins, 152 Ala. 133, 44 So. 602; Greer v. Heyer, ante, p. 229, 113 So. 14.

[2] In passing upon the petition for mandamus, the return or answer of respondent, unless controverted, is to be taken as true. Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Scudder, 120 Ala. 434, 25 So. 44.

[3] The special and sole prayer of the petition before us is that by mandamus the judge be required to correct the date of the order of January 22d so that it shall read: "January 29, 1927. Argued, submitted, and taken under advisement. Evans, J."

The return negatives any argument or submission of the motion on January 29th. The petition does not so allege, and no evidence contradicts this return.

One alternative of the motion made by plaintiff in the lower court was to strike out the order of January 22d. The effect of the ruling on the motion and counter motion was to grant this relief. Such was the state of the record when this petition was here filed. We cannot require the judge to redate and restore an order which would not speak the truth.

[4] It results the petition for mandamus must be denied. The petition should deal with the state of the record below at the time it was filed. The real ground of complaint, if any, is in the amendment or change of the order of January 8th. More fittingly it may be termed a striking out the order of continuance of that date and entry of an essentially different order showing hearing, submission, and taking the motion for new trial under advisement.

As the record is before us, involves an important question of jurisdiction, we think best, in the exercise of supervisory power over lower courts, to advise the judge of his duty in the premises.

[5, 6] The statute (section 6670) declares that after 30 days the court shall lose all power over a judgment or decree as if the term of the court had ended. For the purpose of finality, the term of the court may be considered 30 days. After the end of a term, a judgment may be amended nunc pro tunc, but this can be done only on record or quasi record evidence showing the ruling or judgment actually pronounced. The court can no longer carry his ruling in his breast and thereafter enter it, or alter and amend the judgment as actually entered at the time.

Now, if the order of continuance of January 8th is subject to that rule, the court was without power, upon motion made more than 30 days thereafter, to amend it as he sought to do in the instant case.

[7] Orders of continuance are so far discretionary and interlocutory in character that the court may vacate them during the term and hear the cause. We see no reason to hold the same power does not exist to modify an order of continuance of a motion for a new trial so as to hear it at an earlier date than first set, although 30 days had elapsed from the date of the order thus modified.

[8] But for the purpose of keeping the motion alive, an order of continuance is an effective presently operating judgment. We do not apprehend that an order continuing a motion for the term under the former practice could be vacated after the term expired. So we conclude under the present statute such order actually entered cannot be vacated after 30 days, and a different order entered except under rules for amendment nunc pro tunc or under rehearing statutes.

We conclude the order of February 19th, recasting the order of January 8th, was without the power of the court and void.

[9] In the recent case of Greer v. Heyer (Ala. Sup.) 113 So. 14,[1] we have held that, when a motion for new trial in a case at law is actually heard and taken under advisement, the motion does not lapse for failure to enter an order of submission at the time; that the hearing and consideration is one continuous proceeding, and a recital in the judgment granting or overruling the motion showing that the motion was heard and taken under consideration on a date to which it was regularly continued is sufficient —this though its consideration exceeds 30 days. The statute does not deal with such

---

[1] Ante, p. 229.

case. For the purpose of rendering his decision on a motion duly heard and taken under consideration, he may act within the full term fixed by law.

But this does not imply that an order of continuance, actually entered as contemplated by law to keep the motion alive until it is heard, may, after the lapse of 30 days, be stricken and a different order entered showing it was heard and not continued, in the absence of evidence which warrants an amendment nunc pro tunc. The mandamus is denied because not directed to vacating the improper order; the sole prayer being for the entry of an order which would not speak the truth.

Mandamus denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

