(119 So. 853)

## ALABAMA LIME & STONE CO. v. ADAMS.
### (6 Div. 907.)

Supreme Court of Alabama. Oct. 11, 1928.
Rehearing Denied Jan. 24, 1929.

Horace C. Wilkinson, of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

SAYRE, J. Judgment in this cause was rendered October 21, 1926.

The bill of exceptions was presented to the presiding judge April 18, 1927.

The motion for a new trial had been made November 17, 1926.

Appellee, movant in this court; concedes that in the circuit court the motion for a new trial was regularly continued from time to time until January 8, 1927. On and after that date the record shows the following orders:

"Jan. 8/27. Passed to Jan. 15/27.
"Jan. 15/27. Passed to Jan. 22/27.
"Jan. 22/27. Argued, submitted, and taken under advisement.
"Feb. 7/27. Motion overruled."

The subsequent history of this cause, down to the judgment of this court in the case of Ex parte Adams, 216 Ala. 353, 113 So. 513, is shown by the report of that case. After the decision in Ex parte Adams, supra, both parties to this cause, by motions addressed to the circuit court, proposed amendments of the proper record, with this result, as we understand the record in its present shape, to. wit: The order of January 22, 1927, is eliminated, with result that appellant's motion suffered a discontinuance, which has in no wise, expressly or by implication, been waived by appellee, and as further result, according to the decision in Ex parte Adams, supra, the court lost jurisdiction of the motion, and its entry of February 7, 1927, was without its power, void, and of none effect. It results that, according to the face of the proper record, the time in which a bill of exceptions might be filed began to run from the date of the judgment in the main cause, viz. October 21, 1926, more than 90 days before the presentation of the bill of exceptions, which, for that reason, must, on appellee's motion, be stricken. Stallings v. Clark, ante, p. 31, 117 So. 467.

But the concluding recital of the bill of exceptions now before the court is as follows:

"Said motion"—meaning the motion for a new trial—"was duly continued until the 8th day of January, 1927, at which time it was submitted and taken under advisement by the court, and held under advisement until the 7th day of February, 1927, at which time the court overruled the motion, to which action of the court the defendant reserved an exception."

If this recital be now accepted as a true history of the motion for new trial, the motion to strike the bill must be overruled. Stallings v. Clark, supra.

Where there is a conflict between the record proper and the bill of exceptions, the former controls as to matter which should appear of record proper, and the latter controls as to matter which should appear by

652

a bill of exceptions. Central of Georgia R. Co. v. Gross, 192 Ala. 360, 68 So. 291; National Bank v. Baker Hill Iron Co., 108 Ala. 638, 19 So. 47; Hurst v. Bell, 72 Ala. 336. That the order or judgment of the trial court on the motion for new trial may serve as the basis of appeal it must appear upon the proper record. Stallings v. Clark, supra. The judgment on the motion in this case appears upon the record proper; but that same record discloses the fact that the court had at the time of such ruling lost jurisdiction of the motion—this for reasons stated in Ex parte Adams, to which we have referred above. To permit the concluding recital of the bill of exceptions quoted above to serve now as the basis of appeal would be to allow the bill of exceptions to contradict and supplant the record proper in respect of a matter which must necessarily appear upon the record proper. That, it hardly seems necessary to say, cannot be done.

It follows that the motion to strike the bill of exceptions must be granted.

■ As to error assigned on the pleadings: The original suit was brought May 14, 1925. The suit is for salary alleged to be due from defendant (appellant) to plaintiff. On October 20, 1926, plaintiff amended his complaint by adding counts 9, 10, 11, B, and C. Count 9 claims salary for the "entire 12 months of the year 1925," thus, it will be observed, extending his claim so as to include salary alleged to have been earned beyond, or after, suit brought—this in addition to salary alleged in the count to be due before suit brought. The objection to the count on account of its claim post litem was taken by demurrer, which was overruled, and that ruling is now assigned for error. Apart from the claim of damages accrued subsequent to suit brought, the count alleged a good cause of action, and the rule is well settled and oft repeated that demurrer is not the proper mode of objecting to items of damages claimed less than the whole. That must be done by motion to strike, objection to evidence, or by request for special instruction to the jury. Treadwell v. Tillis, 108 Ala. 262, 18 So. 886; Lurie v. Kegan-Grace Co., 209 Ala. 339, 96 So. 344; 4 Michie, p. 668, § 122, where the cases are cited. So of count 11 of the amended complaint.

The argument against count B, demurrer to which was overruled, proceeds upon the theory that the contract of employment by which defendant employed plaintiff as president for a term of years to begin in the future was void under subdivision 1 of the statute of frauds, section 8034 of the Code, because not in writing, is refuted by the language of the count, which alleged that "said contract was in writing."

■ Count 8, filed by way of amendment May 17, 1926, claimed damages in part accruing subsequent to suit brought. The demurrer to plea 4 as an answer to count 8

was properly sustained. The plea does not deny that the contract of employment for breach of which plaintiff sued was subscribed by some person—defendant's representative, the demurrer phrases it—thereunto lawfully authorized in writing. Code, § 8034.

■ It is necessary only to say of count 2, to which defendant demurred, that it follows the Code form. Code, § 9531, form 10.

The judgment must be affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

SAYRE, J. Considering appellant's application for rehearing, the court now holds that the order of January 22, 1927, according to which appellant's motion in the trial court for a new trial was "argued, submitted and taken under advisement," is still a part of the record proper, and so that the bill of exceptions was presented within the time required by statute. The record as to this is in a state of confusion, and the writer, though not clear to the conclusion that it has been properly construed by the other members of the court sitting in the cause, has acquiesced in their opinion. It becomes necessary, therefore, to consider the alleged errors shown by the bill of exceptions. As to them the court states its conclusions as follows:

We have heretofore made a brief, but sufficient, statement of the nature of the controversy between the parties. Plaintiff had offered in evidence an excerpt from the minute book of defendant corporation, of date April 24, 1923, in words and figures as follows:

"On motion of W. W. Wood, seconded by W. C. Gewin, the salary of John H. Adams [plaintiff] as president of the company was fixed at $500 per month dating from January 1, 1923, and the salary of Albert Stradford as secretary and treasurer of the company was fixed at $200 per month dating from January 15, 1923. Motion carried."

Then defendant offered testimony to the effect:

"That Dr. Gewin was the head of the company at that time and was a director of the company; that Dr. Gewin was present at these meetings and made the statement to the board of directors at the meetings that Mr. Adams wasn't to receive any compensation whatever, or any of the other officers at that time, until the company was financed. This was since April, 1923. The witness Marquis did not hear Mr. Adams dissent in any way or raise any objections to such statement; he is pretty sure, but doesn't know for certain, that Mr. Adams was present at such meeting; the discussion was in a general way at several meetings that the officers would not receive any compensation until the company was financed, except the officers directly in charge down at the plant, by which was meant the foreman and superintendent. The company was never

financed prior to the time Mr. Adams severed his connection with it, nor had it been financed up to the present time. The discussion of the company's ability to pay was discussed very freely."

Thereupon defendant called as a witness F. W. Miller, one of the directors of the defendant corporation, who, having testified that he could recall the fact that he was present at the meeting of April 24, 1923, was interrogated by defendant as follows:

"Tell the jury whether or not at that meeting the board of directors passed a motion or resolution fixing Mr. Adams' salary at $500, and Mr. Stratford's at $200."

The court sustained the plaintiff's objection to this question, and defendant reserved an exception. ■■ The defense—which at this point had been indicated and was afterwards made the subject of further evidence on behalf of defendant—was that, while plaintiff had been elected president of the defendant corporation, it was upon the understanding and agreement that neither he nor any other officer of the corporation, then in process of merger with the O'Neal Lime Works and reorganization, was to receive any salary until the merged corporation had been financed, meaning, as we gather from other parts of the bill of exceptions, that plaintiff was to receive no salary until the stock of the defendant corporation to the extent of $500,000 had been disposed of, which defendant had never been able to do. From this and other parts of the record we infer that defendant's purpose in asking the stated question was to get to the jury a statement by the witness that "the motion was passed with the under-standing that when the company was financed that salary was to be paid." At the end of a colloquy between the court and counsel, which followed immediately upon this ruling, the court said:

"I will sustain the objection. I will let him say they"—meaning the minutes—"are untrue, and, if he says they are untrue, you can ask him what occurred."

Thereupon this followed:

"Mr. Wilkinson (counsel for defendant): We except, and offer to show that no such resolution occurred at that meeting.

"The Court: I think the proper way to prove the corporate actions or transactions is through the minute book.

"Mr. Wilkinson: I grant you that they are prima facie correct.

"The Court: Yes, sir; if he says they are incorrect, I will let him state what happened.

"Mr. Wilkinson: We except, and offer to show by this witness that his answer would be no such motion was passed."

In the ruling or rulings noted we do not find reversible error. It appears that the court allowed the defendant to go as far as possible in the impeachment of its minutes.

There was at this point no offer of evidence going to show that the corporate resolution as to plaintiff's salary was affected by a condition—the condition upon which the defense was rested, as appears from other parts of the record; this, for the reason that, while the minute book is not sacrosanct, it is the proper evidence by which to prove corporate action. 4 Cook, Corps. (8th Ed.) § 714; McMillan v. Aiken, 205 Ala. 35, 45, 88 So. 135.

■ R. N. McDonough was called and examined as a witness for defendant, appellant. This witness, among other things, testified to a declaration on the part of plaintiff, made after plaintiff had become president of defendant corporation and before the controversy as to his salary arose, to the effect that he (plaintiff) was serving the company without salary. Appellant assigns for error that ruling of the court which sustained plaintiff's objection to the following question propounded by defendant to the witness:

"When you became connected with the company"—defendant—"did you put your holdings in the McDonough Ore & Mining Company into this company?"

Appellant would impute error to this ruling on the ground that the answer of the witness would have been competent, relevant and material as going to show bias on the part of the witness. The sufficient answer to this contention is that appellant might not be heard to discredit its own witness.

■ The hypothesis of charges 16, 18 and 19, refused to defendant, was, "If you believe," etc. The trial court will not be put in error on account of the refusal of charges so framed. Conway v. Robinson, 216 Ala. 495, 113 So. 531; Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422.

By appropriate assignments of error appellant asserts that the court erred in refusing charges numbered 7, 21, 22, 23, and 24, which sought to instruct the jury that plaintiff was not entitled to recover any amount as salary due for the year 1923, or for the month of January, 1923, or for February, March, or April of that year. ■■ In the absence of an arrangement to the contrary, corporate officers, such as president, director, and secretary, not engaged in managing or transacting the ultimate business for which the corporation was organized, are generally considered to be compensated by their interest in the welfare of the corporation. Navco Hardwood Co. v. Bass, 214 Ala. 553, 108 So. 452. This put the burden upon plaintiff of proving an understanding or agreement that he was to receive a salary. Not only so, but the minute book of the defendant corporation, under date of August 17, 1922, shows, among other things, that:

"John H. Adams was unanimously elected president of the company. On motion, duly made, seconded, and unanimously carried, the president was to receive no salary from the

company until $500,000 of the stock of the company had been sold and delivered and until further action of the board."

The minute book kept by the board of directors also showed a resolution of date January 17, 1923:

"That the salaries of the president"—the plaintiff in this cause—"and the secretary-treasurer of the company be assumed by the corporation on the completion of the underwriting."

And, April 24, 1923, the minute book shows a resolution to this effect was adopted:

"On motion of W. W. Wood, seconded by W. C. Gewin, the salary of John H. Adams as president of the company was fixed at $500 per month dating from January 1, 1923. * * * Motion carried."

The foregoing entries purport to have been taken from the minute book of O'Neal's Lime Works, Inc., but, as we understand, were made pending or after agreement for the consolidation of that corporation and the defendant in this cause, and have been treated by the parties—and properly so—as constituting a part of the record of the corporate proceedings of defendant. Defendant's contention that these resolutions were adopted by a minority of the board of directors, or by a majority of which plaintiff was a necessary constituent, we do not find to be sustained by the record. The further insistence on the part of defendant is that the validity of these resolutions is necessary to plaintiff's case. Plaintiff's contention seems to have been that these resolutions were conclusive, and that evidence going to show conditions attached was incompetent. These views are both affected with error. The law of the situation thus presented we believe to be correctly stated in Sears v. Kings County, Elevated Rwy. Co., 152 Mass. 151, 25 N. E. 98, 9 L. R. A. 117, to this effect in substance:

These resolutions, nor any one of them alone, constitute a contract. They are evidence of the act of defendant alone. But a corporation may contract otherwise (4 Cook, Corps. [8th Ed.] § 714), and the law requires the act of both parties to make a contract. "To make a vote of a corporation a contract binding on it, it is necessary, as in the case of a deed or promissory note, that there should be the offer of the obligation by the one party to the other, and its acceptance by the other. * * * There can be no actual delivery of a vote, and there need be no symbolical delivery of it, but to make a written vote binding as a promise, it must be communicated to the other party, that is, offered to him for his acceptance, and accepted by him, which is the equivalent of the delivery and acceptance of a written instrument."

Defendant offered evidence tending to show the presence and acquiescence of plaintiff at the passage of these resolutions, and his acquiescence as well in the condition upon which the board of directors adopted these resolutions, the condition being verbally expressed. We may quote further the language of the case here referred to as peculiarly apt to the case in hand:

"What the defendant wished to prove was that the plaintiff was chosen treasurer of a corporation which was not prepared to commence its business, under an agreement that he should receive no salary until arrangements for doing business were perfected; * * * that afterwards, when negotiations were pending which it was believed would result in the commencement of business by the corporation, the vote fixing the amount of the salary of the treasurer was passed by the directors, with the understanding on their part, and on the part of the plaintiff, who was present at the meeting as one of the directors, that it should not supersede the agreement under which the plaintiff was elected, and should not be operative until such time as under that agreement the plaintiff should be entitled to a salary. As the plaintiff was present when the vote was passed, he of course knew of it; but the jury might have found, upon the offered proof, that he also knew that it was not passed to be communicated to him for his acceptance until the time when he should be entitled to a salary, and that he did not in fact accept it as a promise to pay him a salary. We think that the evidence excluded was competent upon the question whether there was a contract between the parties that the plaintiff should be paid a salary."

So here. The evidence as to whether plaintiff was to receive a salary only upon the condition heretofore stated was in conflict. It follows that the charges here under consideration were properly refused. Like considerations lead to the conclusion that no error is shown by assignments 38, 28, 31, 15, 58, 18, 59, 22, 60, 25, and 61.

By numerous requested charges, shown in assignments of error 32, 16, 62, 19, 63, 29, 23, 65, 26, 66, and 69, defendant sought to exclude as matter of law on undisputed facts any recovery on account of salary for the year 1925. As heretofore noted, suit was brought May 14, 1925. The complaint was amended in 1926 and trial was had October 21, 1926. On defendant's request, plaintiff resigned his place as president April 13, 1925. In effect he was discharged on that date. Whether he was entitled to salary until that date was a controverted question of fact, which depended for its solution on considerations heretofore noted. There was evidence going to sustain plaintiff's contention that he was entitled to salary down to the date of his resignation, viz. for a part of the year 1925. Marx v. Miller, 134 Ala. 351, 32 So. 765. There was, therefore, no error in refusing the charges here in question.

Charge Y, requested by defendant (assignment 33), was refused without error. The facts predicated in the charge may have furnished the basis for legitimate argument to the jury, but the charge announced no legal principle, and for that reason error will not be affirmed of its refusal. E. T., V. & G. R. Co. v. Thompson, 94 Ala. 639, 10 So. 280.

Charge 11 (assignment 41) was refused without error. It was misleading, for that it ignored testimony in plaintiff's behalf to the effect that there was an agreement to pay him a salary. Navco Hardwood Co. v. Bass, supra.

Charge 15 (assignment 43) was properly refused, because it assumed as a fact that plaintiff voted in directors' meeting to fix his own salary. At least it may be said that there was evidence to the contrary.

Charge 49 (assignment 67) was refused without error. The charge was incomplete, and, besides, was misleading, for the reason that it ignored evidence that the resolution, to which we may surmise it refers, was adopted with condition to which plaintiff assented. Of this aspect of the case we have heretofore stated our opinion.

Charge 51 (assignment 68) was also refused without error. That the proposition of the charge cannot be maintained we think we have heretofore shown. Counts 8, B, and C allege a contract in writing, and, of course, a recovery under them would depend upon the finding of a contract in writing. But the charge was not so limited. It sought to instruct against a recovery under any count of the complaint. Further, at this point, we suggest that, if a resolution of the board of directors be spread upon the minutes, and state the contract between the parties in its entirety, it would properly be said that the contract was in writing. But the hypothesis that such a contract must be subscribed by the corporation would in such case be misleading, to say the least.

Charge 100 (assignment 72) was not due to be given on defendant's request. The charge stated no principle of law and had misleading tendency.

In connection with assignments of error which bring into question the amount of appellee's recovery, we note that on January 16, 1925, "J. H. Adams was re-elected as president and general manager," by a unanimous vote of the directors of appellant corporation, and that he continued to serve in that capacity until he was in effect discharged in April of that year, as we have heretofore shown. In the meantime—i. e., since appellee had first been elected president —payments had from time to time been made to him, on account of salary as we understand; at least these payments were made to him for his personal use, and we think the fair inference is that they were to become credits on salary when that should become due according to the terms of the agreement between the parties, as supported by tendencies of the evidence offered by appellee. The parties appear to have agreed at one time— and we are wholly unable to affirm that such agreement was without support in the evidence—that the condition annexed to appellee's tenure of office meant only that the payment of his salary for the intervening time was to be postponed until such time as appellant corporation should be "refinanced." Our judgment is that, if such was the understanding and agreement, appellee could not be deprived of his right to salary—less credits for payments in the meantime, of course —by his discharge during the time for which he had been elected and during which he performed the duties of his office, even though that discharge was made before the appellant corporation was "refinanced," unless, indeed, for good cause. No such cause appears in the evidence. In other words, we mean to say that appellee could not be deprived of his right to a salary by the mere devise of discharging him from his office, if that was the purpose and intent of the discharge—a question we state as proper for jury decision. Appellant was therefore not entitled to the general instructions requested by it in reference to different periods of appellee's service or upon the case as a whole. Liddell v. Chidester, 84 Ala. 508, 4 So. 426, 5 Am. St. Rep. 387.

In the testimony of McDonough, witness for defendant, it cropped out that E. T. Schuler was president of the defendant corporation at the time of the trial. Thereupon counsel for plaintiff asked the witness: "Is he the Mr. Schuler that Judge Wilkinson (sic in the record) sent to jail for burning his books?" (It was explained that counsel had reference to Judge Wilkerson, who had at one time been judge of the city court of Birmingham.) Thereupon defendant moved the court to declare a mistrial. The court overruled the motion, instructing the jury that the case was to be tried on its merits, and that the remarks of counsel should be forgotten, and not weigh an iota with them. Defendant reserved an exception, and in the brief on appeal lays some emphasis upon this ruling as constituting reversible error. The record has been placed before the court for its judgment in the premises. The court is of opinion that, while the question was improper, the trial judge did what was necessary and proper to correct any unfavorable impression it may have made on the jury, and thereupon refused to order a reversal on this account.

The grounds of the motion for a new trial have come into consideration in what has been heretofore said. There is no need to repeat.

The court is of opinion that the judgment is due to be affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.