Petitioner, Drivers Incorporated, a corporation, defendant in the court below, in above proceeding, filed petition for a writ of mandamus to require the Honorable William B. Bowling, associate judge of the Randolph circuit court, to vacate and annul an order entered by him as such judge on September 19, 1931, wherein the motion for new trial by plaintiff was granted and the verdict of the jury was set aside and the cause restored to docket. By the petition it is insisted that the court had lost control over the original judgment in this case, supra, and that said judgment had become final for failure to keep alive the plaintiff's motion for a new trial by proper orders of continuance, under Code 1923, § 6670. This is the sole question presented.
It is without dispute that the original judgment in question was rendered against petitioner on the 18th day of August 1931. It also appears from the petition and answer of respondent that on August 19, 1931, plaintiff filed motion to set aside the verdict and judgment, and for a new trial; that said motion was set for hearing on August 20, 1931, and on that date was continued to August 26, 1931; that on August 26, 1931, the motion was again continued by the court until September 5, 1931, to be heard at Lafayette, Ala.
In respondent's answer the following appears: "That on September 5, 1931, plaintiff's attorney and defendant's attorney appeared before the undersigned for hearing upon said motion, but due to other motions and oral arguments on other cases pending before the undersigned, the attorneys for the respective parties agreed to submit the motion upon written argument, to be taken under consideration by the undersigned; the defendant's attorney thereupon submitted to the undersigned his written brief and argument, and plaintiff's attorney prepared his brief and argument in writing and delivered it to the undersigned by mail within the next two or three days. That the undersigned accepted the submission of said motion upon written brief and argument, on the 5th day of September, 1931, and within a reasonable time, after considering brief and arguments of the respective parties, and an independent study of points presented, the undersigned on September 19, 1931, made and entered the following order: 'No. 1411. John Wilford Horne, etc. v. Drivers' Incorporated. — Motion for new trial —: Upon consideration the motion for new trial is granted. The verdict of *Page 558 
the jury is set aside and the cause reinstated to the docket. Defendant excepts. This September 19, 1931. W. B. Bowling: Judge.' "
As to the foregoing, the petition avers: "On September 5, 1931, plaintiff and defendant went before the trial judge, the Honorable W. B. Bowling, Associate Judge of the 5th Judicial Circuit of Alabama who resides at LaFayette, Alabama, in Chambers County: On that day the trial judge was busy and both plaintiff and defendant told the judge they would hand him a brief on the same which was done in the next day or two; and no agreements were had, no orders or continuances were had, or entered at such time."
We are of the opinion that the trial judge was correct in his conclusion that the foregoing operated as a submission of the motion as of the 5th day of September, 1931, and this submission, and taking the motion under advisement, operated to keep the motion alive until acted upon by the court not later than the end of the term.
The case of Ex parte Schoel, 205 Ala. 248, 87 So. 801, is in point with the case at bar. See, also, Greer v. Heyer, 216 Ala. 229,113 So. 14.
Where a motion for a new trial is submitted and taken under advisement, the motion does not lapse, and no further order of continuance is necessary unless its consideration is carried over to another term of the court. Ex parte Adams, 216 Ala. 353,113 So. 513, and cases cited.
The petition for the writ is denied.
Writ denied.