240 So.2d 671

**Bertha Mae BROWN et al.**

v.

**CERCO ENTERPRISES, INC., et al.**

6 Div. 591.

Supreme Court of Alabama.

Nov. 5, 1970.

Georgia Cas. Co. v. Waldman, 5 Cir., 53 F.2d 24;

Pennsylvania Thresherman & Farmers' Mut. Cas. Ins. Co. v. Crapet, 5 Cir., 199 F.2d 850.

James H. Faulkner, Birmingham, for appellants.

Spain, Gillon, Riley, Tate & Ansley, Ollie L. Blan, Jr., Birmingham, for appellees.

BLOODWORTH, Justice.

On original submission, this case was assigned to another justice on this court. It was recently reassigned to the writer.

Appellants (plaintiffs) appeal from a judgment of the trial court granting appellees' (defendants') motion for a new trial.

Plaintiffs, as the widow and minor children of James Lloyd Brown, deceased, who is alleged to have come to his death while subject to the Workmen's Compensation Act, brought this action under the wrongful death statute seeking to recover from third parties for his death.

The accident occurred February 15, 1966 about 5:30 a. m. on Highway 119 approximately 4.6 miles north of the City of Montevallo in Shelby County. The plaintiffs' evidence tended to show that the deceased was driving a lumber truck in a northerly direction in the east lane of the highway when he ran into the unlighted rear end of a loaded chicken truck also headed north which was parked or stopped in the same lane. The loaded chicken truck was being driven by Hoover Roberts, one of the defendants, an agent, servant or employee of the corporate defendant, Cerco Enterprises. The plaintiffs' witnesses testified to the effect that the corporate defendant parked an unloaded chicken truck headed south in the west lane alongside the first truck and without leaving sufficient distance between the trucks for travel. Defendants' testimony was to the effect that the loaded truck was lighted, and was moving, and that the unloaded truck did not block the highway.

Following the trial, the jury returned a general verdict for $105,000. Defendants filed a motion for new trial containing 75 grounds. These grounds fall into the following categories: The verdict is contrary to the law, is wrong and unjust, contrary to the weight and great preponderance of the evidence, is excessive, the result of bias, passion or prejudice, is not based on the enormity or degree of the wrong, and is contrary to the oral charge; a failure of proof; the overruling of defendants' demurrer to the complaint; the refusing to give defendants the affirmative charge: the refusing to give 19 written charges requested by defendant; the failure of two jurors to respond on voir dire to questions relating to being injured in an automobile accident; the sustaining of plaintiffs' challenge of a juror for cause; the court's charge to the jury as to circumstances in which the jury could find against both defendants or against the corporate defendant alone; and, because the evidence showed deceased was not an employee as defined in the Workmen's Compensation Act.

After a hearing, the trial court granted the motion for a new trial without specifying any grounds as the basis for its ruling. It is from this ruling that the appeal is taken.

Plaintiffs have presented us with a very thorough brief, discussing each ground of the motion for new trial in detail. It is natural that they conclude in their brief: "No error prejudicial to appellees occurred at the trial in this cause (Rule 45 of Supreme Court of Alabama Revised Rules) and none of the grounds of the motion for new trial are proper or adequate to serve as a basis for granting the motion. The trial court erred in granting appellees' motion for a new trial. * * *"

In reply thereto, defendants say: "We depart from our usual custom of replying to Appellants' brief in the same order as their argument is presented for in this case the last is the first. An answer to sections 28 and 29 of Appellants' brief will readily dispose of this appeal with an affirmation of the Trial Court."

We agree with this last quoted sentence. Sections 28 and 29 pertain to those grounds of the motion for new trial that the verdict is contrary to the weight or great preponderance of the evidence, and that the verdict is wrong and unjust.

█ We have already pointed out that the trial court entered a judgment granting a new trial without giving any specific ground or grounds. In such circumstances, we have held that if any ground contains merit, the judgment granting the motion for a new trial must be sustained. Therefore, it is necessary only that we determine whether any ground contains merit. Cox v. Martin, 250 Ala. 401, 34 So.2d 463; Shepherd v. Southern Railway Company, [1970], Ala.Sup., —— So.2d ——.

Defendants contend that when the trial court grants a motion for a new trial without indicating the grounds therefor, the appellate court will indulge a presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence, or that the verdict was unjust in the light of the evidence, citing Lee v. Moore, 282 Ala. 461, 213 So.2d 197.

In reply, plaintiffs appear to contend that this presumption is inapplicable here because, they say, the proceedings and evidence presented on motion for new trial negate the presumption. Plaintiffs also argue that the evidence plainly and palpably supports the verdict of the jury.

At the outset, we think we ought to restate certain established legal principles which we think are of controlling significance in this case.

"* * * Foremost, perhaps, is the principle that trial courts do have the power to grant motions for new trials in order to prevent irrevocable damage. Such power should be hesitantly exercised, because the verdict of a jury results from one of the most precious rights in our system of government, that is, the right of trial by jury. However, coupled with this principle of law, is a consistent principle that the power to set aside the verdict of a jury may be exercised when it affirmatively appears that the substantial ends of justice require the examination of facts by another jury.

\* \* \* \* \* \*

"Decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict set aside, and the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled. Commercial Standard Ins. Co. v. Berger Inv. Co., 264 Ala. 208, 86 So.2d 282." Lee v. Moore, 282 Ala. 461, 463, 213 So.2d 197, 198.

In Yellow Cab Company of Birmingham v. Frost, 279 Ala. 591, 593, 188 So.2d 550, 551, 552, we said:

"The rule of review is that when the trial court, in granting a motion for a new trial, does not specify the ground or grounds of the motion which it considered to be well taken, we will 'indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence [a statutory cause] or that the verdict was unjust in the light of the evidence [a common law cause].' * * * (authorities there cited). It is thus stated in Chisom v. Woodward Iron Company, supra [265 Ala. 212, 90 So.2d 816, 817]:

" 'Where the trial court grants a motion for new trial without specifying which ground or grounds of the motion it thought justified the ruling, and one of the grounds on which the motion is based is that the verdict is against the weight and preponderance of the evidence, this court will infer that the ruling was based on such ground and will not disturb the ruling *unless it appears that the great weight of the evidence plainly and palpably supported the verdict. * * *'* [Emphasis supplied]

"As to the common law cause (failure of the verdict to do justice between the parties), we quote the following from Parker v. Hayes Lumber Co., supra [221 Ala. 73, 127 So. 504]:

" '* * * [If] the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new trial. On appeal this court will not reverse an order granting a new trial, "unless the evidence plainly and palpably supports the verdict" (Cobb v. Malone, 92 Ala. 630, 9 So. 738), meaning, as we think, that this court will not reverse in such case, *unless the evidence adduced in the trial*

*court plainly and palpably shows that the trial court was in error. * * *'* [Emphasis supplied]"

It would seem therefore that the only question before us is: "Does the evidence plainly and palpably support the verdict"? In other words, this cause is due to be reversed only if, after reviewing the evidence, we are satisfied that the great weight of the evidence plainly and palpably supports the verdict, or if we are persuaded that the evidence plainly and palpably shows the trial court to be in error.

It is clear that the evidence in this case is in conflict. In view of the likelihood of another trial we do not think we should either summarize or comment on the evidence. We have set out sufficient facts in the beginning of the opinion for an understanding of this decision. We do say that we have carefully studied the evidence and we will not say that the great weight of the evidence plainly and palpably supports the verdict of the jury. Neither can we say that the trial court's ruling granting a new trial is plainly and palpably erroneous.

We say again as we said in Shepherd v. Southern Railway Company, supra:

"The well established general rule is that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and the exercise of this discretion carries with it a presumption of correctness, with the accompanying corollary that the ruling of a trial court on a motion for a new trial will not be disturbed unless plainly and palpably erroneous."

Following these well-established principles, and indulging in those presumptions in favor of the trial court's ruling, we hold that the trial court should be affirmed.

Affirmed.

SIMPSON, COLEMAN, HARWOOD and McCALL, JJ., concur.