276 So.2d 134

**ConAGRA, INC., a corporation, and George William Miller**

v.

**John Keith MASTERSON.**

**SC 89.**

Supreme Court of Alabama.

April 5, 1973.

Eyster, Eyster & Key, Decatur, for appellants.

**275**

BLOODWORTH, Justice.

This is an appeal by appellants (defendants below) from an order of the Circuit Court of Lawrence County, granting appellee's (plaintiff below) motion for a new trial. Alternatively, appellants-defendants seek to review the same action by petition for a writ of mandamus. (For convenience sake, we shall hereafter refer to the parties as plaintiff and defendants.)

The action is a personal injury suit for damages, arising out of a collision between a car driven by plaintiff, John Keith Masterson, and a truck driven by defendant, George William Miller, and belonging to defendant, ConAgra, Inc. The collision occurred on the Courtland-Russellville Road in Lawrence County. At the conclusion of the trial, the jury returned a verdict for defendants. Thereafter, the trial court granted plaintiff's motion for a new trial. There are twelve grounds assigned in the motion for a new trial. The trial court did not specify on which of the grounds it granted the new trial.

W. H. Rogers, Moulton, for appellee.

### I. Mandamus

In their petition for mandamus, defendants aver: that on May 24, 1972, the jury returned a verdict in their favor and that judgment was entered accordingly; that on June 23, 1972, plaintiff filed his motion for a new trial, which was continued by the court for hearing on July 12, 1972; that on July 15, 1972, the motion for new trial was granted; that on August 18, 1972, defendants filed notice of appeal, and gave security for costs of appeal, from the judgment and order of July 15, 1972, which granted the motion for new trial.

Defendants further aver, in their petition: that as of the date of the taking of the appeal, there had been no order filed

with the Circuit Clerk of Lawrence County, indicating that the motion for new trial was heard on or before July 12, 1972; that there were no orders in the records or minutes of the court continuing the motion beyond July 12, 1972; that at some point in time after August 18, 1972, an entry was made on the bench notes as follows, "7/12/72 Motion for a new trial heard and taken under submission-BB;" that pursuant to said bench note, a minute entry was prepared by the circuit clerk which appears in the transcript dated "July 12, 1972," though it is averred that the minute entry was made subsequent to August 18, 1972. Defendants incorporate by reference in their petition for mandamus the transcript of the record on appeal.

Defendants aver they are not certain whether the order granting the new trial is such an order as will support an appeal, but defendants opine that the Circuit Court of Lawrence County was without power or jurisdiction to enter the order because of a discontinuance, and that such order can be reviewed only by mandamus. They pray that this court take jurisdiction and issue a writ of mandamus to the Honorable Billy C. Burney, as Judge of the Circuit Court of Lawrence County, ordering him to set aside his order granting a new trial, or, in the alternative, to grant to petitioners a rule nisi requiring Judge Burney to show cause why the order should not be vacated.

On the other hand, plaintiff contends that where the motion is duly heard, submitted and taken under advisement by pronouncement of the trial court in open court, it is not necessary that the pronouncement be placed in the minute entry at that time, because the entry of the pronouncement is a ministerial function which can be performed later. Also, plaintiff contends that there is a minute entry in the record, reflecting that the motion was taken under advisement by the court, and this prevents a discontinuance.

Following are the orders referred to, each of which is found in the transcript of the record, viz:

### "ORDER

"Upon consideration of the aforegoing, [motion for new trial] this motion is set for hearing on the 12th day of July, 1972, at 11:30 A.M.

"Done this the 23rd day of June, 1972.

Billy C. Burney
BILLY C. BURNEY,
CIRCUIT JUDGE"

### "MINUTE ENTRY ON MOTION FOR NEW TRIAL
July 12, 1972

"This day in open court came the parties with their attorneys, and the motion of the plaintiff to set aside the verdict of the Jury and the judgment entered thereon, filed June 23, 1972 being regulary set for this day, the Court having heard the evidence and the arguments of the attorneys, advises the parties and their attorneys that the motion to set aside the judgment and verdict of the Jury is submitted to the Court and taken under advisement by the Court."

### "ORDER

"This cause submitted to the Court on the motion of the Plaintiff to set aside the verdict of the jury and the judgment entered thereon, and to grant the plaintiff a new trial, and setting out twelve (12) separate grounds. The Court, after hearing argument on said motion and after consideration of all grounds, is of the opinion that the verdict of the jury should be set aside and that the plaintiff be granted a new trial herein.

"It is, THEREFORE, ORDERED AND ADJUDGED by the Court that the verdict of the jury heretofore rendered in this and the judgment entered thereon be set aside and held for naught

and that the plaintiff be given a new trial in this matter.

"DONE AND ORDERED this 15th day of July, 1972.

Billy C. Burney

Billy C. Burney, Circuit Judge

FILED IN THIS OFFICE THIS THE 15th DAY OF JULY, 1972.

Ernest Shelton

Clerk"

■ These orders clearly establish that the motion for new trial was timely filed on June 23, 1972, set for hearing on July 12, 1972, and on that date, in the presence of the parties and their attorneys, submitted to the trial judge, who thereupon took the same under advisement. Thus, according to the record, there was no discontinuance effected as contended for by defendants.

This court has many times stated the rules governing discontinuances and the need for keeping alive motions for new trials by timely continuances or other orders of submission.

"In the recent case of Greer v. Heyer, 216 Ala. 229, 113 So. 14, we have held that, when a motion for new trial in a case at law is actually heard and taken under advisement, the motion does not lapse for failure to enter an order of submission at the time; that the hearing and consideration is one continuous proceeding, and a recital in the judgment granting or overruling the motion showing that the motion was heard and taken under consideration on a date to which it was regularly continued is sufficient —this though its consideration exceeds 30 days. * * *" Ex Parte Adams, 216 Ala. 353, 113 So. 513 (1927).

"We are, therefore, at the conclusion that up to and including the order of the trial judge made in open court, in the presence of counsel for the respective parties on July 30, 1934, there had occurred no grounds for a discontinuance of the motion for a new trial; that the pronouncement made from the bench by the trial judge in open court on July 30, 1934, in the presence of respective counsel for the respective parties, and without objection from them, effected to pass said motion into the breast of the court, and continued in life said motion until, in open court on October 4, 1934, in the presence of counsel for the respective parties, the court made and entered its decision on said motion. * * *" Ex Parte Phillips, 231 Ala. 364, 165 So. 80 (1935).

"The undisputed recitation by the trial court, supra, that the motion was heard on the appointed date, July 9, 1962, and taken under consideration, we take to be true. When the motion was heard and submitted as stated by the trial court, the issue presented was in the breast of the court until September 12, 1962, when a judgment on the motion was duly entered.

"Under such circumstances as the record here presents a written order of submission of the motion for consideration or advisement on the part of the court at the time of submission, although advisable for clarity of the record, was not necessary to preserve the integrity or life of the motion. Nor was an order of continuance necessary. * * *" Holman v. Baker, 277 Ala. 310, 169 So.2d 429 (1964).

" * * * The motion or application, when submitted on the date to which it is continued as authorized in § 119, [Tit. 13] is in the breast of the court and no further continuance is necessary to suspend the finality of the original judgment or decree. But the record must contain some showing or statement of submission. Greer v. Heyer, 216 Ala. 229, 113 So. 14; Shelley v. Clark, 267 Ala. 621, 103 So.2d 743; Holman v. Baker, 277 Ala. 310, 318, 169 So.2d 429, on rehearing, paragraph [10, 11].

"The instant record contains no showing or statement of submission, or order

of continuance, made prior to or on April 3, 1964, which is the latest date to which the hearing on the applications was regularly continued. Because of the absence of such a proper showing or order of continuance, the applications were discontinued after April 3, 1964. * * *" Moving Picture Machine Op. Local No. 236 v. Cayson, 281 Ala. 468, 205 So.2d 222 (1967).

Defendants aver, in their petition for mandamus, that on the day the appeal was taken, August 18, 1972, the minute entry was not of record but that it was made by the clerk, pursuant to an entry by the trial judge on the docket sheet, subsequent to the date of appeal. They attach an affidavit from the circuit clerk to support this allegation.

There are several answers to this contention. In the first place, defendants themselves, on submission of this cause in this court, conceded that the trial judge did take the motion for new trial under submission on July 12, 1972, as the minute entry states. They do not controvert the truth of the matters set out in the minute entry but contend that it was not timely entered of record.

█ The rule in this jurisdiction is clear that the submission and taking of the new trial motion under advisement operates to keep the motion alive until acted upon. See cases cited supra.

█ In the second place, we are bound by the transcript of the record, and it shows submission of the new trial motion on July 12, 1972. See ☞712 et seq., Appeal & Error, 2 Ala. Digest. As already pointed out, defendants do not deny the truth of the statements in the minute entry dated July 12, 1972.

Moreover, assuming arguendo that the minute entry was entered up by the clerk as defendants contend, the failure of the entry to be made at the time could be no more than a clerical oversight, since it simply confirms by a record recitation that which actually occurred on submission of the motion. We can see no impediment to the entry of such judgment or order nunc pro tunc.

Our recent decision in Guaranty Funding Corporation v. Bolling, 288 Ala. 319, 260 So.2d 589 (1972), is pertinent authority here. There, the trial court was held to have abused its discretion in not granting defendant Guaranty's motion to amend nunc pro tunc by entering up an order or judgment showing that the court had overruled its demurrer to plaintiff's replication. The court had made such an order orally in open court (as in the case at bar), but had failed to enter up a bench note and the clerk had failed to make a minute entry. See also Ex Parte Phillips, supra.

The decision of the Court of Appeals in Ex Parte Drivers, 24 Ala.App. 557, 138 So. 427 (1931), is persuasive authority in support of the conclusion we have reached. In *Drivers*, the motion for new trial was timely filed and set for hearing on August 20, 1931. It was timely continued to September 5, 1931. No further orders are shown until the motion was granted on September 19, 1931. The same point was made there, as made in the case at bar, that a discontinuance had been effected. Petitioner there, as here, sought mandamus. By his return, the respondent judge showed the motion was actually submitted to the court on September 5, 1931, the day set for hearing the motion. The Court of Appeals, in an opinion authored by Presiding Judge Bricken, held that the trial judge's answer was sufficient to show submission of the motion on September 5, 1931, and this submission, and the taking of the motion under advisement, operated to keep the motion alive until acted on by the court.

In *Cayson,* supra, this court distinguished *Drivers,* by stating, viz:

"* * * Without deciding whether the decision in *Drivers* is correct, we distinguish it from the instant case in that the Court of Appeals, in *Drivers,*

had before it the trial judge's answer stating that the motion had been submitted on a day when the court had the power to take the motion under submission. * * *"

We do not see any conflict between this statement and the holding we have reached. Again, we need not decide whether *Drivers* is correct. For, the instant case is stronger than *Drivers,* which rested solely on the judge's answer. While here, the minute entry provides a record sufficient to show the court took this cause under submission on July 12, 1972.

It is thus that this court concludes that no discontinuance was effected, the petition for mandamus is due to be denied, and the court may proceed to review this case on appeal and to consider whether the trial court erred in granting plaintiff a new trial.

## II. Merits

The trial judge, in granting plaintiff a new trial in this case, specified no ground or grounds which it considered justified granting the motion.

It has long been the rule in this court, viz:

"The rule of review is that when the trial court, in granting a motion for a new trial, does not specify the ground or grounds of the motion which it considered to be well taken, we will 'indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence [a statutory cause] or that the verdict was unjust in the light of the evidence [a common law cause].' * * * (authorities there cited). * * *" Yellow Cab Company of Birmingham v. Frost, 279 Ala. 591, 593, 188 So.2d 550, 551, 552 (1966).

Defendants contend the great weight of the evidence plainly and palpably supports the jury's verdict, citing Brown v. Cerco Enterprises, Inc., 286 Ala. 421, 240 So.2d 671 (1970). Therefore, they insist the trial

court's order granting a new trial must be reversed.

In Brown v. Cerco Enterprises, supra, the rules controlling appellate courts in the review of orders granting motions for new trial are set forth in some detail. These rules need not be repeated here.

The plaintiff insists that there were numerous conflicts in the evidence at trial, that different inferences could be drawn from the evidence and that the trial court was in a far better position than this court to evaluate these conflicts.

■ It would appear that the question which faces us is whether the evidence plainly and palpably supports the verdict. Put otherwise, the trial court's order granting a new trial is due to be reversed only if, after a review of the evidence, this court is satisfied that the great weight of the evidence plainly and palpably supports the verdict, or if we are convinced that the evidence plainly and palpably shows the trial court to be in error. Brown v. Cerco Enterprises, supra.

■ From a review of the evidence in this case, it is clear to us that it is in conflict. In view of a retrial, we will refrain from summarizing or commenting on the testimony. We simply state that, upon a review of the evidence, we cannot say that the great weight of the evidence plainly and palpably supports the jury's verdict. Nor can we say the trial court's order granting a new trial is plainly and palpably erroneous.

As has been many times stated as a rule of this court:

"The well established general rule is that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and the exercise of this discretion carries with it a presumption of correctness, with the accompanying corollary that the ruling of a trial court on a motion for a new trial will not be disturbed unless plainly and palpably erroneous." Shep-

herd v. Southern Railway Company, 288 Ala. 50, 256 So.2d 883 (1970).

In view of the rules of this court governing the granting of new trials, the presumption in favor of the trial court's ruling and the conclusion which we have reached upon our review of the evidence, we hold the judgment of the trial court should be affirmed.

It may be well to state that we consider this holding to be sui generis with respect to the decision denying the petition for mandamus. This court does not hold, by this decision, that a trial judge could, without taking a motion for new trial under advisement, proceed to keep the motion alive without the record containing timely orders of continuance. Nor, do we hold that a trial judge may make an order nunc pro tunc to show something which in fact never occurred, i. e., the submission of the motion for new trial.

The prior holdings of this court in this respect are well stated in Moving Picture Machine Op. Local No. 236 v. *Cayson,* supra, which are restated for emphasis' sake, viz:

" * * * The motion or application, when submitted on the date to which it is continued as authorized in § 119 [Tit. 13], is in the breast of the court and no further continuance is necessary to suspend the finality of the original judgment or decree. *But the record must contain some showing or statement of submission.* [Citations omitted]" (Emphasis ours)

In the case at bar, as already indicated, it is this court's view that the instant record does contain a showing or statement of submission such as to satisfy the rule of our cases.[1]

 We presume it is unnecessary to caution trial judges that the far safer practice is to note by a proper written order or bench note the submission of a new trial motion at the time it is actually submitted and that it is then taken under advisement by the court. It may also be advisable to show such submission of the case in the subsequent order granting or overruling the motion for new trial.

Petition for Writ of Mandamus denied.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, McCALL, FAULKNER, and JONES, JJ., concur.

COLEMAN, J., concurs in result.

---

1. In passing, we note that Rule 59(g), Alabama Rules of Civil Procedure, adopted January 3, 1973, effective July 3, 1973, provides as follows:

"(g) *Presentation of Motions Not Required.* Presentation of any post-trial motion to a judge is not required in order to perfect its making, nor is it required that an order continuing any such motions to a date certain be entered. All such motions remain pending until ruled upon by the court, but shall not be ruled upon until the parties have had opportunity to be heard thereon."